B. B. ADAMS GENERAL CONTRACTORS, INC., Plaintiff-Appellee,

v.

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al., Defendants-Appellants,

v.

James A. PATE, Defendant-Appellant,

Modern American Mortgage Corporation, Defendant-Appellee.

No. 73-2706.

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1974.

Dale Wootton, Dallas, Tex., for James A. Pate.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., Roger J. Allen, Asst. U. S. Atty., Dallas, Tex., Robert E. Kopp, Barbara L. Herwig, Dept. of Justice, Washington, D. C., for HUD.

J. P. Jones, Harry M. Roberts, Dallas, Tex., for Modern Am. Mortgage.

Paul M. Thorp, Dallas, Tex., for B. B. Adams Contr.

Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.

PER CURIAM:

Adams, a general contracting firm, brought this action on claims arising from its work in constructing the Penzance Hamlet Apartments in Dallas, Texas. Adams named as defendants the owner of the apartments, Col. James A. Pate; the lender, Modern American Mortgage Corporation; and the insurer of the loan, the Department of Housing and Urban Development (HUD), together with Manuel Sanchez, HUD's Dallas Area Director. All parties moved for summary judgment. The district court overruled the motions of Pate, HUD and Sanchez, granted the motion filed by Modern American, and granted in part the motion filed by Adams. Pate, HUD and Sanchez appeal. We dismiss the appeal for want of jurisdiction.

The order on the motions for summary judgment did not dispose of Adams' claim against Pate for extra work. Thus it adjudicated fewer than all of the claims of all of the parties, and it is not a final, appealable order under Rule 54(b) in the absence of an express determination that there is no just reason for delay and an express direction for the entry of judgment. The record reveals that Pate moved for certification under Rule 54(b) on the same day he filed notice of appeal. The district court, however, never ruled on the motion nor did it file the required certificate. In its absence we have no jurisdiction to entertain this appeal, a fact that we are required to notice on our own initiative even though none of the parties argues it. We therefore dismiss the appeal for lack of jurisdiction. General Motors Corp., Inc. v. Dade Bonded Warehouse, Inc., 5 Cir. 1974, 498 F.2d 327; Anderson v. Robinson, 5 Cir. 1974, 494 F.2d 45; Foret v. McDermott, 5 Cir. 1973, 484 F.2d 992; 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2660.

Since this case must be remanded to the district court, we note that there appears to be a serious question regarding the existence of jurisdiction over the subject matter of this suit. Defendants

HUD and Sanchez argued below and renewed the argument in their appellate brief that there was no jurisdiction as to them under any of the three jurisdictional statutes cited by Adams. They argue that 28 U.S.C.A. § 1331 cannot confer jurisdiction since Adams' rights arise from contracts rather than from the Constitution, laws, or treaties of the United States. They also argue that 28 U.S.C.A. § 1346, which grants jurisdiction over suits on express and implied contracts with the United States, is inapplicable because it allows only suits for damages, whereas Adams seeks only declaratory and injunctive relief against HUD and Sanchez. Finally, they argue with much case support that HUD owed no duty whatsoever to either Adams or Pate under its insurance contract with Modern American, so there is no ministerial duty which can be enforced by mandamus under 28 U.S.C.A. § 1361. Furthermore they allege that the functions at issue are discretionary rather than ministerial and therefore are not properly subject to mandamus in any event.

■ While we cannot decide these questions, since we have no jurisdiction over this appeal, we do observe that the arguments raised appear to be forceful and seem to have considerable case support. The district court's order merely announces the conclusion that "the Court . . . is of the opinion and finds that this Court has jurisdiction of all parties and causes of action asserted herein," without explaining the reasoning underlying that conclusion. On remand the district court should consider explicitly the jurisdictional issues and state specifically on the record its conclusions so as to make meaningful appellate review possible. We note the possibility that, if HUD and Sanchez are correct in saying that none of the cited statutes supports federal jurisdiction as to them, there may be no federal jurisdiction over any of the claims in this suit at all, since all the other claims seem to arise strictly *ex contractu*, and the three statutes they attack are the only ones cited to support jurisdiction over any of the claims before the court.[1]

Upon remand the district court should first consider the jurisdictional issues. If it finds jurisdiction, then it should consider whether to rule on Adams' claim for extra work and enter a judgment finally adjudicating all of the claims of all of the parties. If it does so, a fresh appeal, if desired, could be prosecuted from that final judgment. If the court decides against this course, it should then consider whether or not to grant Pate's motion for certification under Rule 54(b). Should the district court decide to enter a final judgment on the existing order and issue the Rule 54(b) certificate, the appeal from that judgment may be submitted on the record and briefs prepared for this appeal, supplemented by the new judgment and certificate and the court's decision on the jurisdictional issues, and on the oral arguments heretofore heard.

Dismissed.

---

1. Indeed, it may be that there is no jurisdiction over the claims against Pate and Modern American even if there *is* jurisdiction as to HUD and Sanchez. *See* 3A Moore's Federal Practice ¶ 18.07 [1.–1] ("[I]f A has a cause of action against X, and there is a federal basis to support this claim, and he joins with it a separate cause of action against Y, and there is no federal basis for the latter claim, then it must be dismissed in the absence of diversity or alienage.") ; C. Wright, Law of Federal Courts § 19 ("The pendant jurisdiction concept applies only where the same parties are involved on the state and federal claims. It does not permit bringing in an additional party to respond to a state claim on the ground that that claim is closely related to the federal claim against an existing party.").