**TMA FUND, Inc., a Michigan Corporation, Appellant**

v.

**James BIEVER and Pamela Biever, Appellees.**

No. 74–2148.

United States Court of Appeals, Third Circuit.

Argued May 1, 1975.

Decided July 9, 1975.

---

Robert W. Maris, John M. Fitzpatrick, Dilworth, Paxson, Kalish, Levy & Coleman, Philadelphia, Pa., for appellant.

Harvey Bartle, III, Dechert, Price & Rhoads, Philadelphia, Pa., for appellees.

Before FORMAN, VAN DUSEN and GARTH, Circuit Judges.

OPINION OF THE COURT

GARTH, Circuit Judge

TMA Fund, Inc., ("TMA"), a Michigan corporation, brought this action to recover monies allegedly due it under an agreement and two promissory notes executed by defendants James and Pamela Biever, residents of Pennsylvania. The defendants answered TMA's complaint by asserting several defenses, including

lack of consideration,[1] and by filing a counterclaim. Defendants' counterclaim was filed under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b–5. Under the counterclaim, defendants sought both a declaratory judgment to void the agreement and notes on the ground of fraud and misrepresentation and an injunction against enforcement of the agreement and notes. Also sought were the costs of suit and reasonable attorneys' fees.

Both parties moved for summary judgment with the defendants, however, expressly moving for summary judgment only "as to plaintiff's complaint."[2] On September 4, 1974, the district court entered an order denying TMA's motion for summary judgment, granting "defendants' James and Pamela Biever's motion for summary judgment" and ordering that judgment be entered in favor of the defendants.[3] TMA has appealed from the district court's order and defendants-appellees have moved before us to quash the appeal. We grant the motion and dismiss the appeal for lack of a final, appealable order.

■ The order of the district court on the parties' motions for summary judgment did not dispose of the Bievers' counterclaim under the Securities Exchange Act against TMA. The district court's order granted the Bievers' motion for summary judgment which was expressly limited to TMA's complaint. No summary judgment was sought by defendants as to their counterclaim. Where an actual counterclaim is pleaded,

as it was here, there is then a multiple claims action. *See Cold Metal Process Co. v. United Engineering & Foundry Co.,* 351 U.S. 445, 452, 76 S.Ct. 904, 100 L.Ed. 1311 (1956). Accordingly, where the order granting summary judgment did not adjudicate the counterclaim, all the claims of all the parties were not decided. The order thus is not a final, appealable order under 28 U.S.C. § 1291. *See B. B. Adams General Contractors, Inc. v. HUD,* 501 F.2d 176 (5th Cir. 1974); *Oak Construction Co. v. Huron Cement Co.,* 475 F.2d 1220 (6th Cir. 1973); 6 J. Moore, Federal Practice ¶ 54.-35[1] at 581–82 & n. 11 (2d ed. 1948).

TMA has argued, however, that the district court's grant of summary judgment on its complaint in favor of the Bievers has had the effect of disposing of the counterclaim. In essence, TMA argues that by holding that the notes lacked consideration, and were therefore unenforceable in this action, the district court mooted the Bievers' counterclaim that the agreement and notes were void on the ground of fraud and misrepresentation. TMA also argues that Bievers' counterclaim, especially as it seeks to recover reasonable attorneys fees, is frivolous.

■ We express no opinion on the merits of TMA's contentions challenging the counterclaim as either moot or frivolous. These contentions should be addressed in the first instance by the district court which has not as yet ruled upon them. We, as an appellate court, should not resolve these issues here.

■ Since this is an action involving multiple claims and the order lacks the

---

**1.** Also asserted as defenses were: (1) that there was a failure of consideration for the agreement and the two notes and (2) that TMA obtained the agreement and the two notes through fraud and misrepresentation.

The district court's description of the circumstances surrounding the making of the agreement and the two notes and the failure of the Bievers to make the installment payments

due under them is set forth in its opinion. TMA Fund, Inc. v. Biever, 380 F.Supp. 1248 (E.D.Pa.1974).

**2.** Record, Document No. 26, TMA Fund, Inc. v. Biever, *supra;* App.248a.

**3.** Record, Document No. 29, TMA Fund, Inc. v. Biever, *supra;* App.261a.

requisite finality to be appealable within the meaning of § 1291, it is an interlocutory order and may only be appealed from if the district court makes an appropriate certification that there is no just reason for delay and expressly directs the entry of judgment. Fed.R. Civ.P. 54(b). The record reveals that although the district court granted the defendants' summary judgment motion on plaintiff's main claim on the grounds that consideration was lacking, it failed to certify that judgment under Rule 54(b). Our jurisdiction attaches on the date when the notice of appeal is filed in the district court from an appealable order. *See,* Fed.R.App.P. 3(a). If the jurisdictional prerequisites are not satisfied as of that date, we have no recourse but to dismiss the appeal. *Oak Construction Co. v. Huron Cement Co.,* 475 F.2d at 1221; *see Austracan, (U.S.A.) Inc. v. M/V Lemoncore,* 500 F.2d 237 (5th Cir. 1974); *United Bonding Ins. Co. v. Stein,* 410 F.2d 483, 486 (3d Cir. 1969). Here, neither the jurisdictional requirements of 28 U.S.C. § 1291 nor the jurisdictional requirements of Rule 54(b) were met when the notice of appeal was filed. As the Supreme Court has stated, "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868).[4]

We will thus grant the appellees' motion to dismiss the appeal and remand the case to the district court for further proceedings consistent with this opinion.

**4.** We expressly decline to retain jurisdiction pending the filing of a Rule 54(b) certificate. We believe the proper procedure is to dismiss the appeal, with allowance to the parties to seek another appeal should the proper certification subsequently be granted by the district court. This second appeal may be heard on the record and briefs prepared for the first appeal, as supplemented by the new judgment and certificate. The time for bringing this second appeal would run from the entry of the new order. *See Austracan (U.S.A.), Inc. v. M/V Lemoncore,* 500 F.2d 237, 241 (5th Cir. 1974); *Williams v. Bernhart Bros. Tugboat*

*Serv., Inc.,* 357 F.2d 883 (7th Cir. 1966); *Wolfson v. Blumberg,* 340 F.2d 89 (2d Cir. 1965); *Island Serv. Co. v. Perez,* 255 F.2d 559, 561–62 (9th Cir. 1957); *District 65 v. McKague,* 216 F.2d 153 (3d Cir. 1954); 10 C. Wright & A. Miller, Federal Practice and Procedure; Civil § 2660 at 88–89 (1973). *But see Anderson v. Robinson,* 494 F.2d 45 (5th Cir. 1974).

We emphasize here that we express no opinion as to whether this case is a proper one for the application of a Rule 54(b) certification. *See Boer v. Borg-Warner Corp.,* 364 F.2d 907 (3d Cir. 1966).