In the Matter of GOOD DEAL SUPERMARKETS, INC., a corporation of the State of New Jersey, et al., Bankrupts.

Joseph R. McMAHON, ESQ., as Trustee in Bankruptcy of Good Deal Supermarkets, Inc., et al., Bankrupts, Plaintiff-Appellant,

v.

GREAT AMERICAN INSURANCE COMPANY and Titan Supermarket Associates, Defendants-Appellees.

No. 75–1206.

United States Court of Appeals, Third Circuit.

Argued Sept. 16, 1975.

Decided Dec. 31, 1975.

Ravin & Ravin, Newark, N. J., for plaintiff-appellant; William S. Katchen, Mitchel R. Lubitz, Newark, N. J., of counsel.

McElroy, Connell, Foley & Geiser, Newark, N. J., for defendant-appellee, Titan Supermarket Associates; Theodore W. Geiser, Kevin J. Coakley, Newark, N. J., of counsel.

Before SEITZ, Chief Judge, and ROSENN and GARTH, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge.

This appeal, brought by the Trustee in Bankruptcy (Trustee) of a tenant, would have required us to determine whether insurance proceeds payable as a result of fire damage to the leased premises should be paid to the owner/landlord or to the tenant's Trustee in Bankruptcy. The district court's order filed on December 30, 1974 granted summary judgment in favor of the owner/landlord and denied summary judgment to the Trustee. However, neither that order nor any other order disposed of the issues involving the insurance company which had disclaimed liability. We thus have no appealable order and are required to dismiss the Trustee's appeal for lack of appellate jurisdiction without reaching the merits of the controversy.

### I.

Titan Supermarket Associates (Titan), a New York real estate partnership, owned property in Chatham, New Jersey, which was leased to Good Deal Supermarkets, Inc. (Good Deal).

On December 22, 1972 Great American Insurance Co. (Great American) issued a builder's risk policy of insurance on the demised premises. This policy named Good Deal but not Titan as loss payee.

The leased premises were destroyed by fire on May 13, 1973. Good Deal did not repair the premises or reopen its supermarket. One month after the fire, on June 14, 1973, Good Deal filed a Petition for Arrangement under Chapter XI of the Bankruptcy Act. In October of 1973 Good Deal was adjudicated a bankrupt. Both the Trustee and Titan claimed the insurance proceeds.

Great American has disclaimed liability under its policy as to both the Trustee and Titan. As to the Trustee, numerous defenses, including alleged fraud by Good Deal, have been raised. As to Titan, Great American has asserted that Titan was not a party to the policy.

The Trustee thereupon instituted the present action in the Bankruptcy Court against Titan and Great American (among other defendants) seeking recovery of the proceeds of the policy and a determination of the Trustee's rights to the proceeds. The action was transferred to the district court for a plenary trial on all issues.

Titan answered and counterclaimed against the Trustee seeking the proceeds as beneficiary of a trust and alternatively as a secured creditor by virtue of an equitable lien. Titan also cross-claimed against Great American for the policy proceeds. Great American's pleadings sought a recision of the insurance policy.

Cross motions for summary judgment were made by the Trustee and Titan each claiming to be entitled to the proceeds. At no time was any motion addressed to, or made by, Great American which raised issues concerning Great American's liability on its policy.

There being no material issue of fact in dispute between Titan and the Trustee, on December 30, 1974 the district court granted summary judgment for Titan on its counterclaim and against the Trustee on its complaint, holding in a bench opinion that in the event of recovery against Great American, Titan's interest in the insurance proceeds was superior to that of the Trustee. All issues concerning Great American's liability were then and are still pending. Great American's liability was not and has yet to be determined. Great American remains a party to the action as defendant, cross-claimant and counter-claimant.

Appeal was taken by the Trustee from the district court's order filed December 30, 1974. No order of certification pursuant to Fed.R.Civ.P. 54(b) was ever sought or entered.

## II.

The Trustee asserts that we have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291 "inasmuch as the order appealed from adjudicates with finality the respective rights of the Plaintiff-Appellant Trustee and the Defendant-Appellee, Titan Supermarket Associates, to the insurance proceeds forming the basis of this action." (Trustee's Brief at 1).

However, 28 U.S.C. § 1291 gives this Court jurisdiction only with respect to final orders of the district court. Since the December 30, 1974 order of the district court did not dispose of all of the claims as to all of the parties, it is not a final appealable order under 28 U.S.C. § 1291. *TMA Fund, Inc. v. Biever*, 520 F.2d 639 (3d Cir. 1975); *B. B. Adams Gen. Con., Inc. v. Department of HUD*, 501 F.2d 176 (5th Cir. 1974); *Melancon v. Insurance Co. of North America*, 476 F.2d 594 (5th Cir. 1973).

An order, such as the December 30, 1974 order of the district court, becomes final and therefore appealable only if the district court directs the entry of a final judgment "as to one or more but fewer than all of the claims or parties" pursuant to the requirements of Fed.R.Civ.P. 54(b). *See also Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3d Cir. 1975). In the absence of such a determination and direction, any order adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not terminate the action as to any of the claims or any of the parties. Fed.R.Civ.P. 54(b).

Here the district court resolved but one issue between two of the three parties. It determined only that in the event Great American was required to respond under its policy, Titan, rather than the Trustee, would be entitled to the proceeds. Great American's liability under its policy still remains undetermined and unadjudicated. Hence, since the December 30, 1974 order is not a final decision from which an appeal can be taken, and since the Rule 54(b) certification is lacking, we have no jurisdiction. Here, as in *TMA Fund, Inc. v. Biever, supra*, neither the jurisdictional requirements of 28 U.S.C. § 1291 nor the jurisdictional requirements of Rule 54(b) were met when the notice of appeal was filed. 520 F.2d at 642.

Just as in *TMA Fund, Inc. v. Biever, supra*, we do not retain jurisdiction. We stated there, as we do here, that:

[T]he proper procedure is to dismiss the appeal, with allowance to the parties to seek another appeal should the proper certification subsequently be granted by the district court. This second appeal may be heard on the record and briefs prepared for the first appeal, as supplemented by the new judgment and certificate. The time for bringing this second appeal would run from the entry of the new order. . . . (Footnotes omitted.)

We emphasize here that we express no opinion as to whether this case is a proper one for the application of a Rule 54(b) certification. *See Boer v. Borg-Warner Corp.*, 364 F.2d 907 (3d Cir. 1966).

520 F.2d at 642, n. 4.

The appeal will be dismissed.