**TILDEN FINANCIAL CORPORATION**

v.

**PALO TIRE SERVICE, INC.**

v.

**The BURROUGHS CORPORATION.**

**Appeal of PALO TIRE SERVICE, INC.**

**No. 78–2166.**

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit
Rule 12(6) April 2, 1979.

Decided April 18, 1979.

Hal F. Doig, Fronefield & deFuria, Media, Pa., for appellant.

F. Hastings Griffin, Jr., W. Jeffrey Garson, Fred T. Magaziner, Daniel E. Monagle, Dechert Price & Rhoads, Philadelphia, Pa., for Tilden Financial Corp.

John C. Wright, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for The Burroughs Corp.

Before ADAMS, HUNTER and GARTH, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

This case presents a somewhat unusual procedural problem raising a question regarding our jurisdiction to hear this appeal at this time. We conclude that we have jurisdiction, and affirm the judgment of the district court.

### I.

Plaintiff, Tilden Financial Corporation, brought this action for breach of contract against defendant, Palo Tire Services, Inc. The two companies had entered into a contract for the lease and purchase of certain computer equipment manufactured by the Burroughs Corporation. Palo Tire had initially sought to purchase the equipment di-

rectly from Burroughs, but when it experienced difficulty in obtaining financing, it was referred to Tilden by Burroughs. Tripartite negotiations resulted in a lease-purchase contract between Palo Tire and Tilden, whereby Palo Tire agreed to pay Tilden $400.98 a month for sixty months, with the option to purchase the equipment for one dollar at the end of that period. The contract also expressly provided that Tilden made no warranties of any kind, that Palo Tire agreed to look to the manufacturer, Burroughs, for the satisfaction of any claim regarding the equipment, and that Palo Tire waived any right to counterclaim or set-off as to its contract with Tilden.

Almost two years after the delivery of the computer equipment, Palo Tire ceased making payments to Tilden. Tilden then brought suit on the basis of diversity of citizenship, and claimed damages in excess of $10,000. In its answer, Palo Tire alleged (1) a timely revocation of the acceptance of the computer equipment, (2) the unconscionable and unenforceable nature of the contract's disclaimer of warranties, and (3) an unlawful conspiracy between Tilden and Burroughs which, through fraudulent representations about the suitability of the computer equipment for Palo Tire's business, induced Palo Tire to execute the contract. In addition to these defenses, Palo Tire filed a counterclaim against Tilden for damages caused by the alleged conspiracy, and also a third-party complaint against Burroughs.

After completion of pre-trial discovery, Tilden moved for summary judgment both on its complaint against Palo Tire and on Palo Tire's counterclaim against it. In order to rebut defendant's allegations of conspiracy and fraud, Tilden had submitted certain affidavits from its officials. These executives asserted that Tilden only arranged financing for Burroughs and had no opportunity to learn of any misrepresentations made by Burroughs. In view of the affidavits and Palo Tire's failure to assert specific facts showing fraud or conspiracy, the trial judge, on July 13, 1978, granted Tilden's motion for summary judgment, thus disposing of the original complaint as well as the counterclaim. Although the district court had taken no action on the third-party complaint against Burroughs, Palo Tire appealed to this Court.

## II.

■ The initial question is whether or not this Court has jurisdiction to consider the appeal at this time. Given the fact that Palo Tire's complaint against Burroughs remains unresolved, the order entered by the trial judge on July 13, 1978 did not decide all the issues presented by the present litigation, and is therefore not a final order within the meaning of 28 U.S.C. § 1291. Such a non-final interlocutory order may not, as a general matter, be appealed.

■ Under F.R.Civ.P. 54(b), however, a judgment that is final as to one or more claims or parties in a lawsuit involving multiple claims or parties may be appealed, if the district court determines that the judgment is final as to particular claims or parties and that there is no just reason for delay. In the present case the district court made such a determination and certified its judgment as final pursuant to Rule 54(b). This certification, entered by the district court on September 20, 1978, made the interlocutory order of July 13, 1978, appealable as a final order under 28 U.S.C. § 1291,[1] as to the claims and parties covered by that order.

The appeal before us now, however, was taken not after the certification of September 20 but after the interlocutory order of July 13. Notice of appeal was filed in the district court on July 28. No separate appeal was taken from the order of September 20. Thus, although we have both a final order under Rule 54(b) and an appeal, they are not in the conventional sequence, and the question is raised whether this Court has jurisdiction nonetheless.

1. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 434 38, 76 S.Ct. 895, 100 L.Ed. 1297 (1956).

When an appeal is taken from an interlocutory order, courts of appeals ordinarily have no jurisdiction to hear it. In *TMA Fund v. Biever,* 520 F.2d 639 (3d Cir. 1975), we expressly declined to retain jurisdiction over an appeal in order to allow the parties to seek a 54(b) certification from the district court. *Id.* 642 n.4. We reasoned that "our jurisdiction attaches on the date when the notice of appeal is filed in the district court from an appealable order. *See,* Fed. R.App.P. 3(a). If the jurisdictional prerequisites are not satisfied as of that date we have no recourse but to dismiss the appeal." *Id.* 642. Because neither the requirements of 28 U.S.C. § 1291 nor those of Rule 54(b) had been met when the notice of appeal was filed in *TMA Fund* we dismissed the appeal in that case.

■ It might be argued that the present case is similar to *TMA Fund* in that the requirements of Rule 54(b) had not been met on July 28 when the notice of appeal was filed. Here, however, the requirements have since been met, whereas in *TMA Fund* only a notice of appeal and no 54(b) certification had been filed when the case was before us for disposition. The only defect here, then, is that the appeal was taken prematurely. In *Richerson v. Jones,* 551 F.2d 918 (3d Cir. 1977), we concluded that "a premature appeal taken from an order which is *not final* but which is followed by an order that *is final* may be regarded as an appeal from the final order in the absence of a showing of prejudice to the other party." *Id.* 922. In our view, there is no reason that this precept should not be applied to Rule 54(b) as well as to 28 U.S.C. § 1291. A 54(b) certification recognizes the practical finality of an order as to certain claims or parties and allows it to be appealed as though it were final. If the Court is to permit subsequent finality to validate a premature appeal under § 1291, logic would dictate allowing subsequent certification to

validate a similarly premature appeal under Rule 54(b), inasmuch as a 54(b) certification creates a final order under § 1291. Because there is no prejudice to either party in this case, we shall treat Palo Tire's premature appeal as an appeal from the certified order, and therefore conclude that we have jurisdiction over this appeal.

### III.

■ Although Palo Tire has surmounted the jurisdictional problem presented by its appeal, it nonetheless cannot prevail on the merits. At one time it was the rule in this Court that an allegation alone might be sufficient to put a factual issue in dispute and thus preclude summary judgment. *See, e. g., United States v. Various Articles of Drugs,* 314 F.2d 850, 852 (3d Cir. 1963). But, as we have recognized,[2] our former interpretation of the summary judgment rule led in 1963 to a change in Fed.R.Civ.P. 56(e). Under that change, more than mere allegations are necessary to defeat a properly supported motion for summary judgment. Fed.R.Civ.P. 56(e) now provides in part that

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

In the present case Tilden filed affidavits rebutting the claims of fraud and conspiracy made in Palo Tire's answer and counterclaim, and Palo Tire neither filed counter-affidavits nor supplemented the record in any way to support its allegations. Palo Tire has thus relied only on the bare assertions set out in its answer and counterclaim. It has not sought to establish specific facts that might pose an issue for trial.[3] In

---

**2.** *Sound Ship Bldg. Corp. v. Bethlehem Steel Co. (Inc.),* 533 F.2d 96 (3d Cir. 1976); *Lockhart v. Hoenstine,* 411 F.2d 455, 458 (3d Cir.) *cert. denied,* 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969); *Robin Construction Co. v. United States,* 345 F.2d 610, 613–15 (3d Cir. 1965).

*See also Mid-West Paper Products Co. v. Continental Group, Inc.,* 596 F.2d 573 at 579–580 (3d Cir. 1979).

**3.** Palo Tire has argued that allegations of fraud are in some way exempt from the requirements

*Tunnell v. Wiley,* 514 F.2d 971, 976 (3d Cir. 1975), we said:

> Given the opportunity to respond to a movant's affidavits, an adverse party may not rest upon a mere cryptic and conclusory allegation in his pleading, but must set forth specific facts showing that there is a genuinely disputed factual issue for trial. Where this opportunity to supplement the record is ignored, summary judgment for the movant who has carried his burden of proof is appropriate.

█ Rule 56(e) and *Tunnell,* as well as *Sound Ship Bldg. Corp. v. Bethlehem Steel Co. (Inc.), see* note 2 *supra,* are applicable here and, accordingly, the judgment of the district court will be affirmed.

of Rule 56(e). But the cases cited, *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962), and *Ferguson v. Omnimedia, Inc.,* 469 F.2d 194 (1st Cir. 1972), both involved situations in which the adverse party filed counter-affidavits, depositions or other documents to contradict the allegations set forth by the movant. In fact, fraud and conspiracy claims are subject to determination by summary judgment. *See* 6A *Moore's Federal Practice* ¶ 56.17[27] at 56–869 & ¶ 56.17[9] at 56–770.