William SOLOMON; Richard Vincent; Jesse Vivian; Kirill Bochnewich; Berj Nercessian; and Julius Smith, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

AETNA LIFE INSURANCE CO., a Connecticut corporation; Cunningham Drug Stores, Inc., a Michigan corporation, Defendants,

National Bank of Detroit, a national banking institution, jointly and severally, Defendant-Appellee.

No. 84–1860.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 8, 1985.

Decided Jan. 24, 1986.

options or their equivalent; and (2) a segregated investment fund called the guaranteed principal fund which is to be invested solely in insurance contracts selected by the employer Cunningham or in cash equivalents as directed by Cunningham. Cunningham elected to fund this portion of the plan through a multivestor contract with the Aetna Life Insurance Company. The alleged improper reduction occurred as a result of a market value adjustment made by Aetna in connection with the plaintiffs' election of a lump sum distribution of their benefits from the guaranteed principal fund portion of the plan.

In the complaint, the plaintiffs claimed damages against the National Bank of Detroit, which was the plan trustee pursuant to a trust agreement dated October 6, 1976, Cunningham Drug Stores and Aetna Life Insurance Company. Following the filing of answers, the National Bank of Detroit sought summary judgment in the district court. The bank claimed that Solomon and his fellow former employees were owed no statutory or common law duties with regard to the investments which they claimed were improper. The bank argued the trust agreement was clear that it was neither the plan administrator nor did it have any discretionary authority over the multivestor insurance contract in the guaranteed principal fund. The bank also argued that the plaintiffs' common law claims were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). The bank's motion for summary judgment was granted to November 5, 1984, and the district court's judgment was certified as final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The plaintiffs appeal that decision.

Kenneth A. Slusser (argued), Cumming, McClorey, Davis & Acho, P.C., Livonia, Mich., for plaintiffs-appellants.

Thomas P. Hustoles, Miller, Canfield, Paddock & Stone, Jack O. Kalmink, Cross, Wrock, Miller & Vieson, Detroit, Mich., William F. Conlon, Chicago, Ill., Francis R. Ortiz (argued), Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for National Bank of Detroit.

Before MARTIN and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

We have before us an ERISA case involving multiple claims and multiple parties, where summary judgment was granted to National Bank of Detroit, and a certification under 54(b) of the Federal Rules of Civil Procedure was made. However, because we can find in this record no reasons for the certification given by the district court, we vacate the certification and dismiss the appeal.

William Solomon and five other former employees of Cunningham Drug Stores in Detroit have sued claiming that each of their vested balances in the Cunningham Retirement Plan were improperly reduced by 11.7%. The plan provides for two distinct retirement investment funds: (1) an equity fund managed by the National Bank of Detroit and invested in common stock

Although the plaintiffs and the National Bank of Detroit have focused on the summary judgment disposition as the central issue on this appeal, the posture we assume in this case depends on the propriety of the district court's 54(b) certification. If that certification was improper, then the district court abused its discretion, and we are

without jurisdiction to consider the merits of the summary judgment motion. *See B.B. Adams General Contractors, Inc. v. Department of Housing and Urban Development*, 501 F.2d 176 (5th Cir. 1974).

■ It is clear that our jurisdiction stems from the appeal of a final order under 28 U.S.C. § 1291 or from an appealable interlocutory order under Section 1292. In the present case the following order was entered by the district court:

> It is hereby ordered that NBD's Motion for Summary Judgment be, and the same hereby is, granted, and plaintiffs' complaint is dismissed in its entirety as to NBD. It is hereby further ordered that because there is no just reason for delay in entering a judgment in favor of National Bank of Detroit, the Court directs that a judgment of dismissal of plaintiffs' claims against NBD shall be entered forthwith.

In *Sears Roebuck & Co. v. Mackey*, 351 U.S. 427, 437–38, 76 S.Ct. 895, 900–01, 100 L.Ed. 1297 (1956), the Court stated:

> The District Court *cannot*, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of § 1291. But the District Court *may*, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions....

> \*      \*      \*      \*      \*      \*

> Rule 54(b) ... scrupulously recognizes the statutory requirement of a 'final decision' under § 1291 as a basic requirement of an appeal to the Court of Appeals....

Fed.R.Civ.P. 54(b) [1] is designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action. The rationale for its adoption was stated in *Mackey*, 351 U.S. at 432, 76 S.Ct. at 897, as follows:

> With the Federal Rules of Civil Procedure, there came an increased opportunity for the liberal joinder of claims in multiple claims actions. This, in turn, demonstrated a need for relaxing the restrictions upon what should be treated as a judicial unit for purposes of appellate jurisdiction. Sound judicial administration did not require relaxation of the standard of finality in the disposition of the individual adjudicated claims for the purpose of their appealability. It did, however, demonstrate that, at least in multiple claims actions, some final decisions, on less than all of the claims, should be appealable without waiting for a final decision on *all* of the claims ...

The rule attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. *See* Wright & Miller, Federal Practice and Procedure: Civil § 2654 (1973). The rule is not to be used without due deliberation. In *Panichella v. Pennsylvania Railroad Co.*, 252 F.2d 452, 455 (3d Cir.1958), the court stated:

> [T]he draftsmen of ... Rule [54(b)] have made explicit their thought that [the rule] would serve only to authorize 'the exercise of a discretionary power to afford a remedy in the infrequent harsh case....' [citation omitted] It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel.

---

1. Fed.R.Civ.P. 54(b) provides:

   (b) Judgment upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

■ We acknowledge that the district court's decision to certify a claim for immediate appeal under Rule 54(b) merits substantial deference. *Curtiss-Wright Corp. v. General Electric,* 446 U.S. 1, 12, 100 S.Ct. 1460, 1467, 64 L.Ed.2d 1 (1979). That deference, however, rests on the assumption that the district court undertook to weigh and examine the competing factors involved in the certificate decision. *Id.,* 446 U.S. at 10, 100 S.Ct. at 1466. Certainly a proper exercise of discretion under Rule 54(b) requires the district court to do more than just recite the 54(b) formula of "no just reason for delay." The Court in *Protective Committee v. Anderson,* 390 U.S. 414, 434, 88 S.Ct. 1157, 1168, 20 L.Ed.2d 1 (1968), provided:

> [I]t is essential ... that a reviewing court have some basis for distinguishing between well-reasoned conclusions arrived at after a comprehensive consideration of all relevant factors, and mere boiler-plate approval phrased in appropriate language but unsupported by evaluation of the fact or analysis of the law....

The guiding principles of *Panichella, supra,* and *Protective Committee, supra,* have been uniformly followed. As the Second Circuit noted in *Schwartz v. Compagnie General Transatlantique,* 405 F.2d 270, 275 (2d Cir.1968):

> [T]he trial court [should] marshall the competing considerations and state the ones considered to be most important ... [when making a Rule 54(b) certification].... *Accord, Gumer v. Shearson, Hammell & Co., Inc.,* 516 F.2d 283 (2d Cir.1974). [I]t would be helpful to us in reviewing the exercise of discretion in granting a Rule 54(b) certificate if the [district] court ... would make a brief

reasoned statement in support of its determination that, 'there is no just reason for delay' and its express direction for 'the entry of a final judgment as to one or more but fewer than all of the claims or parties' ... *See also Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 364 (3d Cir.1975), (citing Wright & Miller, Federal Practice and Procedure: Civil § 2659 (1973)).

A reasoned statement may provide other benefits as well. The court in *Arlinghaus v. Ritenour,* 543 F.2d 461, 464 (2d Cir. 1976), noted that:

> The benefit of such a reasoned statement is not merely that, ... it will aid us in discharging our duty to review the district court's exercise of discretion in issuing the certificate ... but that it will aid the district judge himself. A decisionmaker obliged to give reasons to support his decision may find they do not; 'the opinion will not write.'

Thus, our review becomes a determination of whether the district court provided reasons for exercising its discretion. If no reasons were given then we cannot tell if there has been an abuse of discretion. Our judgment as to the propriety of certification will be speculative, both as to whether any consideration was given to the order and what factors were considered.

■ In this case, no independent analysis of the competing factors, relevant to 54(b) certification was made.[2] Such an omission leaves this court with at least the following unanswered question: What would be the effect of, and the necessity for a final judgment in National Bank of Detroit's favor, prior to complete adjudication of all claims?

---

**2.** The *Allis Chalmers* Court, 521 F.2d at 364, summarized some of the relevant factors in reviewing Rule 54(b) certification as:

(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

We think judicial economy will best be served by delaying appeal until all the issues can be confronted by this Court in a unified package. This is particularly true where the adjudicated and pending claims are closely related and stem from essentially the same factual allegations. *See Cullen v. Margiotta,* 618 F.2d 226, 228 (2d Cir.1980). *Accord, Morrison-Knudsen Co., Inc. v. Archer,* 655 F.2d 962 (9th Cir. 1981) ("A similarity of legal or factual issues will weigh heavily against entry of judgment under [Rule 54(b)])."

The record indicates the plaintiffs proceed on similar legal theories against each defendant, and many of the legal questions are complex, involving interpretations of ERISA provisions. The plaintiffs' claims against each defendant are also based on the same general factual allegations. A determination by us of the issues involving National Bank of Detroit, which are common to Cunningham and Aetna, might result in prejudice to Cunningham and Aetna because they would not have had an opportunity to participate in the determination of those issues before us. On the other hand, postponement of appeal until the remaining claims have been adjudicated presents no danger of prejudice, hardship or injustice to any of the parties. Further proceedings on the pending causes of action against Cunningham and Aetna will also illuminate appellate review of the claims against the bank. Indeed, several questions involved in this appeal may turn on, or be rendered moot by, the district court's resolution of issues still pending before it.

In light of the district court's failure to provide reasons for the 54(b) certification, it is impossible for us to see this as "the infrequent harsh case" in which final certification should be granted. We find that any deference due the district court's Rule 54(b) order is nullified, and we conclude that due to a lack of finality we are without jurisdiction.

The 54(b) certification previously granted is vacated and this appeal is dismissed.