**Ruth DONAHEY, Administratrix of the Estate of Jeffrey S. Donahey, Deceased, etc.**

v.

**Frederick WELLMAN, individually and as agent for the City of Titusville, the City of Titusville, Robert W. McMichael t/d/b/a J.R.'S Steakhouse and the Cellar Bar and Oakdale Corporation t/d/b/a the Holiday Inn of Oil City.**

**Civ. A. No. 88–53 ERIE.**

United States District Court,
W.D. Pennsylvania.

June 13, 1988.

See also 687 F.Supp. 195.

Donald D. Rossetti, Pittsburgh, Pa., for plaintiff.

Jeffrey T. Wiley, Dickie McCamey & Chilcote, Pittsburgh, Pa., for Oakdale Corp. t/d/b/a The Holiday Inn of Oil City.

John R. Gavin, Oil City, Pa., for Robert McMichael t/a J.R. Steakhouse and The Cellar Bar.

Paul D. Shafer, Jr., Shafer Swick Bailey Irwin & Stack, Meadville, Pa., for Frederick Wellman and City of Titusville.

## MEMORANDUM AND ORDER

GERALD J. WEBER, District Judge.

Plaintiff administratrix brings a wrongful death action against a Titusville police officer, Wellman, the City of Titusville and two taverns, J.R.'s Steakhouse and Holiday Inn. The action against the police officer and the City of Titusville are for violations of Civil Rights under 42 U.S.C. § 1983. The actions against the taverns are based on the Pennsylvania Dram Shop law.

Jurisdiction over the federal civil rights causes of action is established under 28 U.S.C. § 1343(c).

Plaintiff does not claim any federal jurisdictional basis for the actions against the two taverns but asserts that these claims have pendant jurisdiction because they all arise out of a common set of circumstances and ought to be tried together.

They can be tried together in the Venango County Common Pleas Court which has jurisdiction over federal civil claims as well as the purely state claims. In fact other actions are pending in Venango County arising out of the same accident and summons have been issued out of that court for the same action as pleaded here.

It has been argued that judicial efficiency would be promoted by the trial of all actions in one court. Justice Rehnquist answered that argument in *Aldinger v. Howard*, 427 U.S. 1, 15, 96 S.Ct. 2413, 2420–21, 49 L.Ed.2d 276.

> We think there is much sense in the observation of Judge Sobeloff, writing for the Court of Appeals in *Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890, 894 (C.A.4 1972):
>
> 'The value of efficiency in the disposition of lawsuits by avoiding multiplicity maybe readily conceded, but that is not the only consideration a federal court should take into account in assessing the

presence or absence of jurisdiction. Especially is this true where, as here, the efficiency plaintiff seeks so avidly is available without question in the state courts.'

We believe plaintiff's arguments are fully met by *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) that there is no independent federal jurisdictional basis for the claims against defendants, Robert McMichael t/d/b/a J.R.'s Steakhouse and The Cellar Bar, and the Oakdale Corporation t/d/b/a The Holiday Inn of Oil City.

The claims against McMichael and the Oakdale Corporation will be dismissed without prejudice.