**Ruth DONAHEY, Administratrix of the Estate of Jeffrey S. Donahey, Deceased, etc.**

v.

**Frederick WELLMAN, individually and as agent for the City of Titusville, the City of Titusville.**

**Civ. A. No. 88–53 ERIE.**

United States District Court,
W.D. Pennsylvania.

June 14, 1988.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff brought this civil action against Wellman, a Titusville police officer, and the City of Titusville, under Title 42 U.S.C. §§ 1981, 1983, and 1988, and the 5th and 14th Amendments. Plaintiff also brought this action under the Pennsylvania Dram Shop law against two taverns which allegedly served plaintiff's decedent (whom we will hereafter refer to as Donahey) alcohol before the accident.

We have dismissed the action against the dram shops for want of an independent basis of federal jurisdiction. (See Memorandum and Order of June 13, 1988.) 687 F.Supp. 194.

Defendants Wellman and City of Titusville now move for summary judgment. Their motion is supported by evidentiary material of the quality required by Fed.R.

Civ.P. 56(e), affidavits or other evidence made on personal knowledge setting forth facts which would be admissible in evidence.

A brief resume of the facts is that Wellman was on duty as a police officer of the City of Titusville on the early morning of February 11, 1986 when he observed Donahey driving in an erratic manner and violating several traffic regulations. There were several observations of this. Wellman came to the conclusion that there was probable cause to believe that the driver was under the influence of alcohol. This conclusion was well-supported by a postmortem blood test showing a blood-alcohol reading of .256. He put on his overhead flashing light and began to pursue. Plaintiff's decedent accelerated and Wellman activated his siren. During the early pursuit in Titusville he observed further traffic violations and erratic driving by Donahey. Officer Wellman continued pursuit outside the limits of Titusville with his siren and flashing lights but plaintiff's decedent continued to accelerate. Wellman slowed down, notified nearby police agencies by radio of possible destinations. Wellman continued the trail without further contact except for sporadic glimpses of tail lights until he came upon the scene of an accident. It appeared that plaintiff's decedent had crossed the highway and had a head-on collision with a Purolator truck driven by Ronald Wygant. Donahey died at the scene of the accident. Wygant suffered serious injuries. This accident is the subject of a separate suit by Wygant against the Estate of Jeffrey S. Donahey, Wellman and the City of Titusville in the Court of Common Pleas of Venango County, Pennsylvania, at No. 97–1987 CD.

First plaintiff supports his federal rights jurisdiction by alleging that he bases his civil rights claims not only on 42 U.S.C. § 1983, but also on Sections 1981 and 1988. Section 1981 has nothing to do with this claim because it is devoted solely to claims of denial of rights by reason of race. Section 1988 deals with the award of counsel fees to the prevailing party. All claims under the Fifth and Fourteenth Amendment may be vindicated through an action under Section 1983. Plaintiff's civil rights claims against Wellman and Titusville may be summarized as follows. Count I and II allege that Wellman invaded plaintiff's civil rights by harassment and hot pursuit. Count III alleges that Titusville condoned a policy of harassment. Counts IV and V allege that Titusville failed to train its officers.

Counts VI and VII assert common law negligence claims against Wellman and Counts VIII and IX assert common law negligence claims against Titusville. Neither of these claims assert federal civil rights violations.

Moving defendants have supported their motion by the deposition of Officer Wellman taken in the parallel case of Wygant v. Estate of Jeffrey S. Donahey, Wellman, and the City of Titusville, C.P. Venango County, No. 97–1987 CD at which plaintiff Donahey's Estate was represented by counsel; the Pennsylvania State Police Accident Report and supplements, the Titusville Police Reports, and the Coroner's Report on Donahey's blood alcohol content.

These establish by admissible evidence that Donahey was operating his vehicle in violation of several sections of the motor vehicle laws of the Commonwealth of Pennsylvania, all in the view of Officer Wellman; that Wellman had probable cause to believe that Donahey might be under the influence of intoxicating liquors; that Wellman turned on his flashing lights and siren and that instead of stopping Donahey accelerated. They further established that Wellman gave chase outside the City under the provisions of Pennsylvania Municipal Police Jurisdiction Act, and that he ceased hot pursuit after the Donahey car outdistanced him. He gave radio notice to three police jurisdictions in the probable line of flight. He followed the trail of the fleeing vehicle, but was 2–3 miles from the site of the crash where it was evident that Donahey had crossed the center line of the highway and crashed head on into an oncoming vehicle.

The various police reports, both of Titusville and the Pennsylvania State Police substantiate these details.

Plaintiff's Response to the Motion for Summary Judgment is entirely inadequate to defend against a Motion for Summary Judgment. Rule 56(e) provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The plaintiff in response to the Motion for Summary Judgment relies mostly on arguments in his brief, that the Wellman deposition was taken for another case, that counsel for the plaintiff had no opportunity to cross-examine Wellman. Counsel for the Donahey Estate was present and participated in the questioning, and the Donahey Estate is party to both actions. Attorney Rosetti, plaintiff's counsel did not attend. However, plaintiff has submitted in support of his response answers by the plaintiff Wygant in the Venango County case to interrogatories. They concern only the issues raised by defendants Wellman, and Titusville on the lack of the required statutory notice of suit. Plaintiff's response dwells heavily on this issue, which we do not deem germane to the civil rights causes of action.

The rest of plaintiff's response deals with his lack of discovery. This is of no weight here. This accident took place February 11, 1986, proceedings in the Wygant case were begun in Venango County in 1987, the Wellman deposition was taken August 31, 1987; the present motion was filed April 5, 1988, and the plaintiff was given until May 2, 1988 to respond.

At no time did the respondent seek a continuance under Rule 56(f):

(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Plaintiff's only compliance with Rule 56(e) was to supply the evidentiary materials relative to the defense of lack of statutory notice. The newspaper clippings which would be inadmissible in evidence only refer to the statutory notice defense. There is no rebuttal to the evidence supplied by Wellman and Titusville, there is no evidence to support the claim of harassment by Wellman or a policy of harassment by Titusville; there is no evidence to support the claim of improper training; there is no evidence that Officer Wellman, in the course of his duty, violated any civil right of Donahey.

As the Court of Appeals has frequently ruled:

Interpreting the mandate of Rule 56(e), this court has made clear that a party resisting the motion cannot expect to rely merely upon bare assertions, conclusory allegations, or suspicions. See *Tilden Finance Corp. v. Palo Alto Service, Inc.* 596 F.2d 604, 607 (3d Cir.1979); *Tunnell v. Wiley,* 514 F.2d 971, 976 (3d Cir.1975). *Olympic Junior Inc. v. David Crystal, Inc.,* 463 F.2d 1141, 1146 (3d Cir.1972). *Robin Construction Co.,* 345 F.2d [610] at 614 [(3d Cir.1965)].

*Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981), or more recently,

... appellant seems to argue that he can elect not to file any document to contest an an affidavit of facts supporting the summary judgment motion, and then argue on appeal that his opponent's 'affidavit, not subject to cross-examination by the beneficiary, should not be accepted by the courts at face value.' Brief for Appellant at 41. This is simply not the law. Under Rule 56(e), Federal Rules of Civil Procedure, a party resisting a summary judgment motion may not rest upon the mere allegations or denials of his pleading. *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981). In opposing the

motion, his response 'must set forth specific facts, showing that there is a genuine issue for trial. If he does not so respond summary judgment, if appropriate, shall be entered against him.' Id. In the vernacular, you may not 'lie doggo' in the summary judgment proceedings in the district court, and on appeal claim a defense on the facts.

*Bencivenga v. Western Pa. Teamsters,* 763 F.2d 574, 576 (3d Cir.1985).

In granting summary judgment, the district court assumes that all of the factual averments contained in the papers before it are true. *Smith v. Saxbe,* 562 F.2d 729, 733 (D.C.Cir.1977).

*Bencivenga,* supra, at p. 576.

Moving party's evidentiary material would be admissible in evidence under Rule 56. Plaintiff's response presents no evidence to rebut the evidence that Officer Wellman proceeded properly in all respects, or that the City of Titusville did or failed to do anything in violation of Donahey's federal civil or constitutional rights. Plaintiff's evidentiary materials, a newspaper clipping concerning a council meeting at which the incident was discussed, and the Wygant responses to interrogatories seem directed to the procedural defense of statutory notice. We are solely concerned here with the civil rights causes of action themselves, which plaintiff has failed to rebut.

We will dismiss the civil rights counts and transfer the claims made under state law to the state court.

### ORDER

NOW, June 14, 1988, for the reasons set forth in the foregoing Opinion, the Motion of Defendants Federick Wellman and the City of Titusville for Summary Judgment as to the claims set forth in Counts I, II, III, IV, and V of the Complaint IS GRANTED; these counts are DISMISSED with prejudice and JUDGMENT is ENTERED for defendants on these counts.

As to Counts VI, VII, VIII and IX, which are state law claims with no independent basis of federal jurisdiction, we decline to exercise jurisdiction over them. They are hereby ORDERED TRANSFERRED to the Court of Common Pleas of Venango County, Pennsylvania forthwith. We hope that these can be resolved together with the companion cases arising out of the same accident now pending in that court. . .