Christopher WASHINGTON–
EL, Appellant

v.

David DIGUGLIELMO; John Murray;
A.S. Williamson; Gary Olinger; Mi-
chael Lorenzo; Thomas Dohman,
sued in their individual and official
capacities.

Nos. 08–4692, 08–4329.

United States Court of Appeals,
Third Circuit.

Submitted by the Clerk for
Possible Dismissal
Due to a Jurisdictional Defect
Jan. 14, 2010.

Opinion Filed: Feb. 16, 2010.

Chris Washington, Labelle, PA, pro se.

Claudia M. Tesoro, Esq., Office of Attor-
ney General of Pennsylvania, Philadelphia,
PA, for Appellees.

Before: FUENTES, JORDAN and
HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Christopher Washington–El appeals
from two orders entered by the District
Court. We will dismiss his appeals for
lack of appellate jurisdiction.

I.

Washington–El, a Pennsylvania state
prisoner proceeding *pro se*, filed suit
against various Department of Corrections
personnel seeking damages under 42
U.S.C. § 1983 and Pennsylvania state law.
Washington–El alleges that defendants vi-
olated his rights: (1) under the First
Amendment to freely exercise his religion;
(2) under the First Amendment to access
the courts; (3) under the Eighth Amend-
ment to be free from cruel and unusual

punishment; and (4) under the Fifth and Fourteenth Amendments to procedural due process.

By Memorandum and Order entered August 1, 2008, the District Court granted summary judgment in favor of all defendants on all of Washington–El's claims but his first, holding that Washington–El had raised issues of material fact regarding his Free Exercise claim. The District Court did not enter judgment in favor of the defendants under Rule 54(b) of the Federal Rules of Civil Procedure. The District Court referred the case to a Magistrate Judge to explore settlement.

The Magistrate Judge then conducted a mediation conference, at which the parties reached an agreement purportedly allowing Washington–El to withdraw his remaining claim without prejudice and immediately appeal the partial grant of summary judgment to this Court.[1] Under the agreement, Washington–El would withdraw his remaining claim without prejudice to his ability to assert it in a new action if his appeal proved unsuccessful. Washington–El filed a motion to withdraw his remaining claim pursuant to the agreement, and the District Court granted the motion by order entered October 15, 2008. The order memorialized the terms of the parties' agreement allowing Washington–El to refile his Free Exercise claim within 90 days of a ruling by this Court and dismissed that claim without prejudice to his right to do so. The order also directed the District Court Clerk to mark the case closed for statistical purposes. Washington–El then filed a notice of appeal from the District Court's order granting partial summary judgment (C.A. No. 08–4329).

Washington also filed a motion in the District Court to proceed to trial solely against defendant Lorenzo, whom he asserted was not included in the District Court's partial grant of summary judgment. The District Court denied that motion by order entered November 17, 2008. The District Court clarified that it had indeed granted partial summary judgment in favor of defendant Lorenzo and concluded that Washington–El's motion was moot in light of his appeal. Washington–El then filed a notice of appeal from that order as well (C.A. 08–4692), and we consolidated his two appeals.

## II.

All parties believe that we have appellate jurisdiction. We have an independent obligation to assure ourselves of jurisdiction, however, because our jurisdiction is conferred and limited by statute and cannot be conferred by the consent of the parties. See *Penn West Assocs., Inc. v. Cohen,* 371 F.3d 118, 126 (3d Cir.2004); *Berckeley Inv. Group, Ltd. v. Colkitt,* 259 F.3d 135, 139 (3d Cir.2001). In the absence of exceptions not relevant here, we have jurisdiction to review only final orders of the District Court—i.e., those that resolve all claims against all parties and leave nothing for the District Court to do but execute the judgment. See *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.,* 460 F.3d 470, 476 (3d Cir.2006). When a District Court resolves only some claims against the defendants but another claim remains, the order is not final and is not appealable unless the District Court properly enters judgment under Rule 54(b). See *id.*; Fed. R.Civ.P. 54(b). The District Court did not do so in this case.[2]

---

1. The transcript of the conference is available at entry 63 of the District Court's docket. Pages 13 through 21 of the transcript, however, appear to record proceedings conducted in a different case involving different parties.

2. By its order of October 15, the District Court clearly intended to resolve the litigation so that Washington–El could appeal its earlier order granting partial summary judgment. The District Court, however, did not cite Rule

An order resolving only some claims also may become final if a plaintiff withdraws his or her remaining claims with prejudice. *See Erie County Retirees Ass'n v. County of Erie*, 220 F.3d 193, 201–02 (3d Cir.2000). The dismissal of a remaining claim *without* prejudice, however, does not produce finality. *See Morton Int'l*, 460 F.3d at 476–77. That is true even if the dismissal is without prejudice to the plaintiff's right to file a new action rather than to reactivate the existing one. *See id.* at 478–81.[3] That is also true even when the order dismissing the remaining claim without prejudice directs the Clerk to mark the case closed for statistical purposes. *See id.* at 481–82; *Penn West Assocs.*, 371 F.3d at 128.

For these reasons, the District Court's order granting partial summary judgment is not final or appealable in its own right, and the District Court's subsequent order dismissing Washington–El's remaining claim without prejudice did not render it final or appealable. Nor has the District Court entered judgment in favor of the defendants under Rule 54(b), certified any issue for immediate appeal under 28 U.S.C. § 1292(b), or taken any other action that might give us jurisdiction to review its grant of partial summary judgment. Accordingly, we must dismiss C.A. No. 08–4329. *See Berckeley Inv. Group*, 259 F.3d at 145–46; *TMA Fund, Inc. v. Biever*, 520 F.2d 639, 642 & n. 4 (3d Cir.1975). As for the appeal at C.A. No. 08–4692, the order at issue merely denied Washington–El's motion to proceed to trial against defendant Lorenzo and clarified that its grant of partial summary judgment included that defendant. Thus, that order too is non-final, and we will dismiss C.A. No. 08–4692 as well.

The dismissal of these appeals is without prejudice to Washington–El's right to seek the entry of judgment pursuant to Rule 54(b) or other appropriate relief in the District Court. *See TMA Fund*, 520 F.2d at 642 n. 4. If Washington–El does so, the District Court should expressly consider the relevant factors before making its determination. *See Berckeley Inv. Group*, 455 F.3d at 202–204. We express no opinion on whether the entry of judgment is warranted in this case. If the District Court enters judgment under Rule 54(b), Washington–El may file a new appeal within thirty days thereafter. *See TMA Fund*, 520 F.2d at 642 n. 4. In that event, the appeal "may be heard on the record and briefs prepared for the [instant] appeal[s], as supplemented by the new judgment and certificate." *Id.* In any such appeal, we would have to determine that the entry of judgment was proper before reaching the merits of Washington–El's claims. *See Gerardi v. Pelullo*, 16 F.3d 1363, 1368 (3d Cir.1994). Washington–El's motions to file a reply brief out of time, strike portions of the appellees' brief, and file a non-conforming reply brief and a supplemental appendix are denied without prejudice to his right to refile them in any subsequent appeal arising in this case.

---

54(b), expressly determine that "there is no just reason for delay" as required by Rule 54(b), or discuss any considerations relevant to that issue. *See Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 202–03 (3d Cir.2006) (discussing *Berckeley Inv. Group*, 259 F.3d at 140–44). Thus, we will not treat its October 15 order as an entry of judgment under Rule 54(b). *See id.*

**3.** There is an exception to this rule when "the statute of limitations has run by the time the court orders dismissal without prejudice." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir.2005). That exception does not apply here because the District Court permitted Washington–El to refile his claim within 90 days of this Court's ruling, and satisfaction of that condition would toll the statute of limitations. *See id.* at 607.

In sum, we will dismiss these consolidated appeals and remand to the District Court for further proceedings.