John DOE [1], Plaintiff,

v.

The UNITED STATES, Defendant.

No. 93–589C.

United States Court of Federal Claims.

Dec. 22, 1994.

Daniel C. Leib, Los Angeles, CA, with whom was Samuel J. Leib, Milwaukee, WI, for plaintiff.

Rhonda K. Schnare, with whom were Asst. Attys. Gen. Frank W. Hunger, David M. Cohen, and Jeanne E. Davidson, Washington, DC, for defendant.

## OPINION

BRUGGINK, Judge.

John Doe is a confidential informant. He has brought this action under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1988), in order to recover an award pursuant to 19 U.S.C. § 1619 (1988) (the "moiety statute"). The matter is now before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction and the parties' cross motions for partial summary judgment. After considering the parties' written and oral ar-

---

1. At plaintiff's request, the names of certain individuals have been changed or omitted in order to protect plaintiff's identity.

guments, the court concludes that the defendant's motion for summary judgment should be granted with respect to count I and that the motion to dismiss should be granted with respect to all remaining counts.

## BACKGROUND

In connection with the motions for summary judgment, the defendant has challenged a number of plaintiff's factual assertions. Insofar as they relate to plaintiff's qualification for an award under the moiety statute, the court will assume, solely for the purpose of ruling on the motion to dismiss, that the facts asserted are true. With respect to count I, which alleges the existence of a contract to pay a moiety, only one of the Government's proposed findings of fact is crucial (that the persons who allegedly contracted for the payment of an award would not have had the authority to do so). Although plaintiff challenges that assertion, for the reasons discussed below, there is no genuine issue of fact generated by that challenge.

Plaintiff was arrested on narcotics trafficking charges. Special Agent X of the United States Customs Service and former Assistant United States Attorney, Y, coordinated the arrest and conducted the initial interrogation. Because of plaintiff's involvement with suspect one, a large scale drug trafficker, Special Agent X hoped that this arrest would lead to the use of plaintiff as an informant.

The court will assume that plaintiff could prove the allegation in his complaint that at the time of his arrest he "was offered, by agents of the Department of the Treasury; the Drug Enforcement Administration; the United States Customs Service and the United States Attorney's Office a Twenty–Five Percent (25%) reward for forfeitures in seizures resulting from original information from plaintiff."[2] First Amended Complaint ¶ 6. In addition to this alleged monetary award, plaintiff was also offered use immunity and a new identity.

Plaintiff contends that he provided information to X and Y regarding, among others,

suspect one, suspect two, suspect three, and suspect four. Subsequently, the "suspect one" investigation led to the seizure and forfeiture of approximately $1,600,000 from suspect four. Plaintiff was identified in a search warrant affidavit involving suspect four, and Special Agent X admits that plaintiff was one of two confidential informants used in the suspect four seizure. Moreover, at some later time approximately $3,600,000 was seized from suspect three. Although the Government disputes the allegation, plaintiff contends that the information he gave was original within the meaning of the moiety statute.

Plaintiff applied for a moiety award under Treasury Department regulations and was turned down. He then filed his complaint in this court. The first asserted cause of action is for breach of the alleged contract to pay a moiety. The second cause of action is for negligent misrepresentation. The third cause of action is based on a statutory right to a reward. The fourth cause of action seeks a declaration of plaintiff's rights. The fifth cause of action is a demand for an accounting of other seizures precipitated by plaintiff's information.

## DISCUSSION

■ Initially, the court notes that the demands for an accounting and for a declaration of rights, standing alone, are not within the court's power to grant. These are equitable remedies that, insofar as relevant here, can only survive as appendages to some other valid cause of action. *See United States v. King*, 395 U.S. 1, 4–5, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969). The cause of action based on negligent misrepresentation must similarly fail. It is a tort claim outside the court's jurisdiction. *See* 28 U.S.C. 1491(a)(1).

*The § 1619 claim*

■ In order to satisfy this court's Tucker Act jurisdictional requirements, plaintiff maintains that the moiety statute grants informers the right to be paid a "sum certain." *See Eastport Steamship Corp. v. United*

**2.** The materials plaintiff furnishes in support of his motion for summary judgment are considerably more equivocal. It is unnecessary, however, to reach the fact questions of whether there was an agreement or whether the information plaintiff provided was original.

*States,* 372 F.2d 1002, 178 Ct.Cl. 599, 605–07 (1967). The current language of the moiety statute, insofar as relevant to the question of this court's jurisdiction, is as follows:

19 U.S.C. § 1619. Award of compensation to informers

(a) **In general**

If—

(1) any person who is not an employee or officer of the United States—

. . . .

(B) furnishes to a United States attorney, the Secretary of the Treasury, or any customs officer original information concerning—

. . . .

(ii) any violation of customs laws ... and

(2) such ... information leads to a recovery of—

. . . .

(B) any ... forfeiture of property ...

the Secretary may award and pay such person an amount that does not exceed 25 percent of the net amount so recovered.

Under this scheme, the Secretary of Treasury would appear to have the discretion to award any amount from zero to twenty-five percent of the forfeiture. Such permissive language would seem inconsistent with a legally enforceable right to a sum certain of money. In the absence of such certitude, however, this court lacks jurisdiction because the claim runs afoul of *Eastport Steamship* and its progeny. 178 Ct.Cl. at 606–08, 615–16, 372 F.2d 1002; *see, e.g., United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983); *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976); *John Doe v. United States,* 650 F.2d 287, 224 Ct.Cl. 632, 635 (1980); *Austin v. United States,* 206 Ct.Cl. 719, 723 (1975).

In an effort to counter this seeming weakness in his claim, plaintiff points to the decision of this court in *Lewis v. United States,* 32 Fed.Cl. 59 (1994), in which a similar motion to dismiss was denied. There, the court pointed to an equally hoary line of cases in this circuit holding that the word "may," in an earlier version of the moiety statute, should be interpreted as meaning "shall." *Lewis,* 32 Fed.Cl. at 63–64; *see, e.g., Allen v. United States,* 229 Ct.Cl. 515, 1981 WL 22043 (1981); *Lacy v. United States,* 221 Ct.Cl. 526, 607 F.2d 951 (1979); *Tyson v. United States,* 91 Ct.Cl. 139, 32 F.Supp. 135 (1940).

The earlier version of the moiety statute stated that the informant "may be awarded ... a compensation of 25 per centum of the net amount recovered, but not to exceed $50,000...." 19 U.S.C. § 1619 (1976). The 1986 amendment changed this language to read: "the Secretary may award an amount ... that does not exceed 25 percent." Pub.L. No. 99–570, 100 Stat. 3207–88 (October 27, 1986). Although the court in *Lewis* recognized that Congress made this change to give the Secretary of Treasury discretion as to the amount of the award, it nevertheless ruled that the statute "continues to mandate the payment of some award." 32 Fed. Cl. at 63–64. According to the court, "the 1986 amendment had, in fact, a purpose: to provide the Secretary with discretion to make awards on a case by case basis, and the authority to award compensation on a fluctuating scale rather than a mandatory 25%." *Id.* at 64. This court agrees that such discretion is inherent in the current moiety statute. Such discretion, however, is fatal to a Tucker Act cause of action based on a statute.

The legislative history to the 1986 amendment makes it clear that Congress assumed it was giving discretion to the Secretary to award any amount the Secretary believed to be appropriate. *See* H.R.Rep. No. 794, 99th Cong., 2d. Sess. 6, 16–17 (1986). Such discretion is incompatible with a necessary predicate to this suit, namely, the proposition that the moiety statute mandates the payment of money. At a time when the statute suggested a particular sum, to wit, twenty-five percent of the seizure, a colorable argument could be made that Congress anticipated § 1619 actions in this tribunal. Once the amount of the recovery is subject to uncertainty, however, that argument evaporates. Courts lack the necessary tools for evaluating the Secretary's exercise of discretion in this context. Consequently, this court respectfully disagrees with the decision in *Lew-*

*is* and holds that the moiety statute cannot be the subject of a Tucker Act claim.

*The contract claim*

 Although treated in the complaint as a separate theory of recovery, plaintiff's contract cause of action is inextricably linked to the moiety statute. Section 1619 is the sole source of authority for granting the type of award sought by the plaintiff. An allegation that persons with authority committed the Government to pay a moiety is premised on an assumption that the discretionary powers granted to the Secretary of the Treasury by § 1619 have been delegated to the person(s) with whom plaintiff had contact, so as to bind the Government to the alleged award promised.

The Government offers the affidavit of Stuart P. Seidel, at that time Director, International Trade Compliance Division, Office of Regulations and Rulings, United States Customs Service. According to Seidel, "he has been delegated the authority by the Commissioner of Customs to approve awards of compensation under 19 U.S.C. § 1619. No other Customs official has been delegated this authority."[3] Moreover, he explains that "Special Agents of the Customs Service do not have the authority to enter into contracts or promise awards available under 19 U.S.C. § 1619."[4]

Agent X also furnished an affidavit. In it he states that, as a Special Agent of Customs, he does not have authority to enter into contracts or promise rewards in return for information that leads to seizure of assets.

Plaintiff offers no factual rebuttal to the assertions made by Seidel and Agent X. Moreover, plaintiff makes no allegation that he spoke with Seidel, and Seidel himself denies any contact. Plaintiff's contacts were with the Special Agents, none of whom had authority to bind the government. Even if they had made the representations alleged in the complaint, their lack of authority prevents the Government from being bound by their statements. Plaintiff's only other rele-

vant contact was with Assistant United States Attorney, Y. As was true of the Special Agents, Y was not in a position to exercise any of the Secretary's powers.

In sum, if either X or Y attempted to contract with plaintiff for information in exchange for a moiety, they had no authority to do so. They were authorized to do only what X conceded he did, tell plaintiff that he could apply for a moiety.

## CONCLUSION

Plaintiff's claim must fail. The moiety statute does not create a legally enforceable claim to a particular award. Nor could a binding contract have arisen under the circumstances. The other grounds for relief are beyond the court's power to grant. The Clerk is directed to dismiss the complaint. No costs.

---

3. The Commissioner of Customs is a presidential appointee with duties and powers assigned by the Secretary of the Treasury. 19 U.S.C. § 2071 (1988).

4. Seidel himself has no contracting authority.