Robert J. FREED, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 95–303C.

United States Court of Federal Claims.

Jan. 30, 1996.

Herbert J. Lynch, Boston, Massachusetts, for plaintiff.

John C. Erickson III, Washington, D.C., with whom were Assistant Attorney General Frank W. Hunger, Director David M. Cohen, and Assistant Director Jeanne E. Davidson, for defendant. Christopher Doherty, Washington, D.C., of counsel.

## ORDER

TIDWELL, Judge:

This case is before the court on defendant's motion to dismiss plaintiff's claim of statutory entitlement to the maximum award permissible under 19 U.S.C. § 1619 (1994) pursuant to RCFC 12(b)(1) & (4), and defendant's motion for summary judgment on plaintiff's breach of contract claim pursuant to RCFC 56(b). For the reasons set forth below, the court grants defendant's motion to dismiss for failure to state a claim on plaintiff's theory of statutory entitlement and grants summary judgment in favor of defendant on the breach of contract claim.

## FACTS

Plaintiff, Robert J. Freed, provided the United States Customs Service with documentation and other original information pertaining to certain fraudulent import practices by L.A. Gear, Inc. Freed's information resulted in the Customs Service recovering in excess of $1,000,000 from L.A. Gear. In recognition of his assistance, Customs approved a $70,000 award for Freed pursuant to 19 U.S.C. § 1619. Unhappy with the $70,000, Freed claimed he was entitled to the maximum award provided for in the statute, $250,000. After Customs declined to pay the $250,000, Freed filed this action seeking that amount. Freed alleges that section 1619 requires the Customs Service to pay $250,000, and that failure to pay that full amount was arbitrary, capricious and an abuse of discretion.

Freed also claims to have entered into an express and implied contract with the United States. The existence of this contract is based upon conversations between Freed and Customs agents, whereby they allegedly told

him, or induced him into believing, that he would receive the maximum award provided for in the statute. In support of the alleged contract, Freed also points to a Customs flyer intended to induce parties to report businesses engaging in import fraud. The flyer states in part:

> The U.S. Customs Service is authorized to award up to 25 percent of amounts recovered (not to exceed $250,000) to any person who furnishes original information concerning any fraud on the Customs laws leading to the recovery of any fine, penalty or forfeiture (19USC1619). If such compensation is warranted, every effort will be made to insure you are expeditiously rewarded.

Complaint, Exhibit B (emphasis in original).

## DISCUSSION

### I. Motion to Dismiss

Defendant asks the court to dismiss plaintiff's claim of a statutory entitlement to the maximum award provided for in 19 U.S.C. § 1619 for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and for failure to state a claim pursuant to RCFC 12(b)(4).

In considering defendant's motion to dismiss, "whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader." *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir.1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). Generally, the court must accept as true any undisputed allegations of fact made by the non-moving party for purposes of the motion. *Cupey Bajo Nursing Home, Inc. v. United States*, 23 Cl.Ct. 406, 411 (1991) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988)). If subject matter jurisdiction is questioned, the non-moving party bears the burden of establishing the court's jurisdiction. *Reynolds*, 846 F.2d at 748.

The Tucker Act defines the jurisdiction of this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort....

28 U.S.C. § 1491(a)(1) (1994).

However, the Tucker Act alone does not create a substantive right to recover money damages, *El Dorado Springs v. United States*, 28 Fed.Cl. 132, 134 (1993). Rather, it waives the United States' sovereign immunity when an independent substantive right exists and when certain conditions are met. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980). Only parties that have formed an express or implied contract with the government may bring a suit under the Tucker Act. *United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1550 (Fed.Cir.1983).

### A. Lack of Subject Matter Jurisdiction

Citing *Doe v. United States*, 32 Fed. Cl. 472 (1994), the government seeks dismissal of this action for lack of subject matter jurisdiction, arguing that the statute is not money-mandating. The statute sets forth in pertinent part:

> (a) In general
>
> If—
>
> (1) any person who is not an employee or officer of the United States— ...
>
> (B) furnishes to a United States attorney, the Secretary of the Treasury, or any customs officer original information concerning—
>
>> (i) any fraud upon the customs revenue, or
>>
>> (ii) any violation of the customs laws or the navigation laws which is being, or has been, perpetrated or contemplated by any other person; and
>
> (2) such detection and seizure or such information leads to a recovery of—
>
>> (A) any duties withheld, or
>>
>> (B) any fine, penalty, or forfeiture of property incurred;

the Secretary may award and pay such person an amount that does not exceed 25 percent of the net amount so recovered. . . .

.    .    .    .    .

(c) Dollar limitation

The amount awarded and paid to any person under this section may not exceed $250,000 for any case.

19 U.S.C. § 1619 (1994). The government's motion to dismiss for lack of subject matter jurisdiction is denied because the court possesses subject matter jurisdiction in section 1619 claims. *Lewis v. United States*, 32 Fed. Cl. 59 (1994) ("*Lewis I*").[1] In *Lewis I*, the court held that the statute is sufficiently money-mandating to grant subject matter jurisdiction to this court. *Id.* at 64.

Although not unmindful of the disagreement among members of the court as to whether subject matter jurisdiction exists in such cases, this court views 19 U.S.C. § 1619 as money-mandating. *Compare Doe v. United States*, 32 Fed.Cl. at 474 (1994) *with Lewis v. United States*, 70 F.3d 597 (1995), *aff'g* 32 Fed.Cl. 301 (1994) ("*Lewis II*"). In *Doe*, the court held that section 1619 was no longer money-mandating because of certain amendments to the statute, which were adopted in 1986. The *Doe* court viewed these amendments as divesting the court of jurisdiction over section 1619 claims. This court disagrees with *Doe* and the government's reliance thereon. As the court reasoned in *Lewis I*, ". . . the statutory use of the word 'may,' while ordinarily permissive, is given a mandatory meaning in 19 U.S.C. § 1619." *Lewis I*, 32 Fed.Cl. at 64. Moreover, the Federal Circuit has urged the court to take jurisdiction of claims brought under section 1619 and to decide such cases on their merits that res judicata may operate. Were this court to grant the government's motion to dismiss for lack of subject matter jurisdiction, the plaintiff would be free to bring his claim in this or another forum at a later date. The court's assertion of jurisdiction in this case acts as an adjudication on

the merits, and thus bars such a result. *See Lewis II*, 70 F.3d at 601. Accordingly, the government's motion to dismiss for lack of subject matter jurisdiction is denied.

*B. Statutory Entitlement: Failure to State a Claim*

In addition to its motion to dismiss for lack of subject matter jurisdiction, defendant moves to dismiss because plaintiff's theory of statutory entitlement fails to state a claim upon which relief can be granted. The court agrees. Freed argues that 19 U.S.C. § 1619 requires the Secretary of the Treasury ("Secretary") to award him the maximum percentage and amount permissible under the statute. This argument must be rejected because no plausible reading of section 1619 supports Freed's claim. Although the court reads section 1619 as compelling some level of award, it cannot read the statute to require that the maximum amount be awarded. This court has held that "[t]he only obligation the government has under section 1619 is to pay the party who provides original information a portion of any amount actually recovered." *Lewis II*, 32 Fed.Cl. 301, 305, *aff'd*, 70 F.3d 597 (1995). The court declines to extend its holding in *Lewis II* to precipitate a result beyond what the plain language of the statute supports. The statute clearly provides the Secretary with substantial latitude in determining the quantum of the award; the only constraints imposed are: (1) some award must be made because the statute is money-mandating; and (2) the amount may not exceed 25 percent of the recovery, or exceed $250,000.

Plaintiff points to no authority, and the court is unable to find any, which construes section 1619 as mandating the maximum award permissible under the statute. On the contrary, the Federal Circuit has determined not only that the Secretary enjoys a measure of discretion in setting an informant's award, but also has highlighted that the 1986 amendments to section 1619 expanded that discretion. *Lewis II*, 70 F.3d at 601. In the

---

1. Two separate, unrelated opinions entitled *Lewis v. United States* are discussed in this order. For purposes of this opinion only and for convenience of the reader, *Lewis v. United States*, 32 Fed.Cl. 59 (1994) will be referred to as "*Lewis I*." *Lewis v. United States*, 32 Fed.Cl. 301 (1994), *aff'd*, 70 F.3d 597 (Fed.Cir.1995) will be referred to as "*Lewis II*."

face of this enhanced discretion and in the absence of any compelling authority otherwise, the court cannot ignore precedent and misread the statute to achieve a result contrary to that intended by Congress. Accordingly, Freed's claim of statutory entitlement to the maximum percentage and amount permissible is dismissed because he has failed to state a claim upon which relief can be granted. RCFC 12(b)(4).

▓▓ Plaintiff also argues that the government's offer to award him $70,000 is arbitrary, capricious and an abuse of discretion. The government counters that the court is powerless to review such awards because, according to the government, the Secretary's discretion is absolute. The court accepts neither proposition. The taking of jurisdiction in section 1619 cases will sometimes require a cursory examination of whether the award is so ridiculously low as to constitute an affront to congressional intent. However, plaintiff's conclusory and generalized assertions merit no such review. Plaintiff offers no evidence beyond his own assertions and opinions. For example, he asks "What if Customs offered Freed $7 rather than $70,-000?" (Pl.'s Resp. at 10). That is not the case before the court. Even if Freed had met his burden to provide more than conclusory or generalized assertions, the court cannot say, as a matter of law, that an award of $70,000 offends congressional intent.

## II. Motion for Partial Summary Judgment

Defendant asks the court to grant summary judgment on plaintiff's breach of contract claim. Defendant acknowledges the court's jurisdiction over this claim, but argues that the Customs officials did not have any contracting authority to bind the United States. The court grants summary judgment in favor of defendant on plaintiff's breach of contract claim.

▓▓ Summary judgment is appropriate only when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. RCFC 56(c). In evaluating a motion for summary judgment, any doubt as to whether a genuine issue of material fact exists must be resolved in favor of the non-moving party. *Adickes v.*

*S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Campbell v. United States,* 2 Cl.Ct. 247, 249 (1983). A genuine issue of material fact is one that would change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In deciding a motion for summary judgment, the court does not "weigh the evidence and determine the truth of the matter but [only] determine[s] whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. at 2511. When the moving party has carried its burden, the non-moving party must come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The non-moving party may not discharge its burden by cryptic, conclusory, or generalized responses. *See Willetts v. Ford Motor Co.,* 583 F.2d 852, 856 (6th Cir.1978); *Tunnell v. Wiley,* 514 F.2d 971, 976 (3d Cir.1975).

▓▓ Arguing that the government did not enter into a contract with Freed, the defendant seeks summary judgment based on Freed's breach of contract claim. The defendant is correct; accepting Freed's pleadings as true, he has not satisfied all of the elements necessary to form a binding contract with the government. Accordingly, the court grants summary judgment in favor of defendant on plaintiff's breach of contract claim.

▓▓ Plaintiff asserts that: (1) he entered into an express and implied contract with the government, based on conversations with Customs agents, thus binding the government to pay him $250,000; and (2) he believed such agents possessed the authority to bind the government in contract. Both assertions are devoid of any legal merit. First, legally binding contracts must contain sufficiently definite terms. The Federal Circuit has stated that informants such as Freed may not use section 1619 as terms of an alleged contract between them and the government. *Lewis II,* 70 F.3d at 601 (citing *Merrick v. United States,* 846 F.2d 725 (Fed. Cir.1988)). Freed's claim of an express or implied contract relies, in part, on the lan-

guage of section 1619. For example, his complaint states the following:

> The refusal and failure of United States Customs Service ... to award the Plaintiff ... $250,000 as provided for in [19 U.S.C. § 1619] is a breach of *the* express and implied contract the United States ... has to award [the maximum amount].

Complaint at 3 (emphasis added). Subsumed within that argument is Freed's premise that contractual terms may be drawn from section 1619. *Lewis II* precludes Freed from using the statute to supply any terms for this alleged contract because the language of section 1619 is too indefinite to support a contract. *Lewis II,* 70 F.3d at 601. Hence, Freed's reliance on the statute is incorrect, and his contract claim must fail. Moreover, because the statute is neither intended to be construed as an offer nor sufficiently definite to support a contract, the court rejects plaintiff's assertion that a promotional flyer mentioning the statute evidences an offer to contract or in any way supports the existence of a contract. *See id.*

■ Second, plaintiff failed to offer any evidence of an affirmative grant of contracting authority to the agents. Lacking such contracting authority, these agents could neither bind the government nor supply any terms of the contract. Simply stated, Freed's beliefs and expectations cannot sustain his claims for breach of contract. The agents with whom he dealt must have possessed actual authority to bind the government. The Federal Circuit has stated, "the government representative 'whose conduct is relied upon must have actual authority to bind the government in contract.'" *City of El Centro v. United States,* 922 F.2d 816, 820 (Fed.Cir.1990) (citing *Juda v. United States,* 6 Cl.Ct. 441, 452 (1984)), *cert. denied,* 501 U.S. 1230, 111 S.Ct. 2851, 115 L.Ed.2d 1019 (1991); *Garza v. United States,* 34 Fed.Cl. 1, 14 (1995); *see also Doe,* 32 Fed.Cl. at 475 (finding that Customs agents possessed no authority to bind the government in contract under section 1619). In *City of El Centro,* a Border Patrol agent assured plaintiff hospital that the government would pay for medical services provided to illegal aliens brought to the hospital by the Border Patrol. In that case, the contract claim failed because plaintiff could not demonstrate that the agent possessed "requisite contracting authority." *City of El Centro,* 922 F.2d at 820 (citing *Housing Corp. of America v. United States,* 468 F.2d 922, 925, 199 Ct.Cl. 705 (1972)).

■ Absent an affirmative grant of contracting authority to the agents, any representations they made to Freed concerning the level of his award were unauthorized. As such "[t]he United States Government may generally deny unauthorized acts of its agents." *Garza,* 34 Fed.Cl. at 14. Plaintiff errs in asserting that the government has not supported its position that the agents lacked contracting authority. As a defendant moving for summary judgment, the government need not submit affidavits to support that motion. RCFC 56(b). The defendant asserts that the agents' statements did not reflect the government's intent to be bound. That assertion is sufficient in light of Freed's failure to demonstrate any affirmative grant of contracting authority to the agents with whom he dealt.

## CONCLUSION

Based on the foregoing discussion, defendant's motions to dismiss plaintiff's statutory entitlement claim for failure to state a claim and for summary judgment on plaintiff's breach of contract claim are granted.

**IT IS SO ORDERED.**