490 F.2d 381
 UNITED STATES of America
v.
ONE 1966 VOLKSWAGEN 2-DOOR SEDAN SERIAL NUMBER NR-116243839,
Gregory Robert, registered owner of the defendant,
Appellant.
 No. 73-1223.
 United States Court of Appeals, Third Circuit.
 Argued Sept. 28, 1973.
Decided Dec. 28, 1973, As Amended Jan. 16, 1974.
 
 Herbert J. Stern, U.S. Atty., for the D. New Jersey, Bernard S. Davis, Asst. U.S. Atty., Newark, N.J., for appellee.
 Camden Regional Legal Services, Inc., Camden, N.J., for appellant; Allen S. Zeller, Camden, N.J., of counsel.
 Before SEITZ, Chief Judge, and HUNTER and WEIS, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Chief Judge.
 
 
 1
 This appeal arises from the seizure and attempted forfeiture of a vehicle pursuant to 49 U.S.C. 781, 782 (1970). The vehicle's owner appeals from the dismissal of his counterclaim seeking damages for loss of use of the vehicle from its seizure by the United States until its return to him.
 
 
 2
 Late in 1971, a Camden, New Jersey bank was firebombed. An eyewitness saw a person run from the bank, enter a red Volkswagen and speed away from the scene. Later the same day, the Camden Police Department located a red, 1966 Volkswagen at the residence of Gregory Robert, the registered owner of the car and appellant in this action. Believing Robert's Volkswagen to be the automobile used in the firebombing, the Camden police seized it for evidentiary purposes. The Internal Revenue Service adopted this seizure and took immediate possession of the Volkswagen. The IRS predicated its action on the theory that the vehicle had been used to transport the firebomb used in the bank fire and, as the carrier of contraband, should be forfeited to the United States under 49 U.S.C. 782 (1970). The IRS moved the car to a federal storage facility pending the initiation of the forfeiture proceedings.
 
 
 3
 Several months later Robert received a notice stating that unless he made a claim to the Volkswagen it would be summarily forfeited to the United States. Thereafter, Robert filed a Claim and Cost Bond with the IRS. This prevented the administrative forfeiture and sale of the vehicle and necessitated a judicial forfeiture proceeding. 19 U.S.C. 1608 (1970). Subsequently, the United States filed a complaint in the district court seeking to have the Volkswagen forfeited. Robert filed an answer and a counterclaim.[1] In his answer he claimed complete innocence of any involvement in the alleged illegal use of his car. Furthermore, he denied that he had any knowledge of the use of the car in the firebombing or that he had granted permission for anyone to use his car in an unlawful manner. The counterclaim sought damages for the loss of the use of the car from the date of its seizure. In its answer to the counterclaim the United States stated as a separate defense that the counterclaim failed to state a claim upon which relief could be granted.
 
 
 4
 Robert then submitted a list of interrogatories to the government. Upon receiving answers indicating that the United States had no knowledge or information that would connect him with the commission of the alleged offense, Robert moved for partial summary judgment on the issues raised by the complaint. The district court, without an opinion, granted Robert's motion for summary judgment on the issues raised by the complaint and ordered the return of the Volkswagen and cost bond. In the same order, the court dismissed Robert's counterclaim for damages.
 
 
 5
 Robert has taken this appeal from the dismissal of the counterclaim. The United States has chosen not to appeal that portion of the order mandating the return of the Volkswagen. The only issue before this court, therefore, is whether it was error for the district court to dismiss Robert's counterclaim for damages for the loss of the use of his car.
 
 
 6
 The district judge ordered the dismissal of the counterclaim without any hint as to his reasoning for doing so. As a result, we are now considerably handicapped by not knowing the grounds upon which he relied. The threshold question for us to determine, therefore, is whether we are warranted in proceeding to review the decision below. The rule has long been settled that where a decision of a lower court is correct, it must be affirmed on appeal even though the lower court gave an improper reason for its action. United States v. Rose, 346 F.2d 985, 989 (3d Cir. 1965), cert. denied sub nom. Aetna Ins. Co. v. United States, 382 U.S. 979, 86 S.Ct. 551, 15 L.Ed.2d 469 (1966). A more difficult problem is presented, however, where, as here, the lower court has assigned no reasons whatever for its decision.
 
 
 7
 Of course, it is axiomatic that an appellate court is not designed to perform the functions of a trial court having original jurisdiction and must, of necessity, limit its consideration of the questions involved to the record on appeal. In the interests of judicial economy, however, the federal courts have generally held that absent knowledge of the specific grounds upon which the trial court acted, the appellate court would rule on the merits of the case where a full understanding of the issues presented to the lower court may be garnered from the record. We are not faced with such a case here. On the record before us it is not clear what issues were argued to the district court, much less the specific grounds for the order dismissing Robert's counterclaim.
 
 
 8
 The arguments presented in this appeal raise difficult constitutional questions with respect to the forfeiture statutes. However, broad considerations of the appropriate exercise of judicial power demand that appellate courts avoid the determination of constitutional questions whenever fairly possible. In the present case the constitutional issues could be avoided if the dispute was properly disposable on nonconstitutional grounds.
 
 
 9
 It is Robert's contention that for the period of time from seizure until the release of the vehicle by order of the district court, he was deprived of his property without due process of law and without just compensation in violation of his Fifth Amendment rights. He contends that because of these constitutional violations, the government should pay him damages for the loss of the use of his car. The government, on the other hand, denies that there has been any violation of appellant's constitutional rights. The government also advances several nonconstitutional arguments for dismissal.
 
 
 10
 First, the government contends that Robert is precluded from asserting his counterclaim since he did not file an administrative petition for remission and mitigation of the seizure of his car. Second, the government contends that there is no statutory or other basis upon which damages may be assessed against the United States where the claimant has had his seized property returned to him. Third, the government asserts that no cause of action for damages exists merely upon a claim that the owner of a seized vehicle was innocent; the government contends that the guilt or innocence of the vehicle itself in the conveyance of the contraband article is the determining factor.
 
 
 11
 We do not have any indication which, if any, of the above arguments were accepted by the district court. Further, the record is devoid of the factual development that is essential for us to make an independent determination of these issues. Consequently, to decide this appeal on the present record, we would have to choose between making a possibly unnecessary constitutional ruling or making possibly unnecessary constitutional ruling or making possibly erroneous factual assumptions to support a ruling on other grounds. We are not willing to take either course. We vacate the order and remand the case for reconsideration by the district court. We do so fully cognizant that the case must be heard by a different judge because the trial judge is now deceased.
 
 
 12
 The order of the district court dismissing appellant's counterclaim is vacated, and the case remanded for further proceedings in accordance with this opinion.
 
 
 
 [1]
 On the remand hereinafter directed, the jurisdictional basis of the counterclaim should be explicitly developed