Mae E. WALLACE, Plaintiff,

v.

FRATERNAL ORDER of POLICE,
LODGE NUMBER 5, et al.,
Defendants.

No. CIV.A. 00–CV–2569.

United States District Court,
E.D. Pennsylvania.

April 27, 2001.

Isaac H. Green, Jr., Philadelphia, PA, for plaintiff.

Stephen J. Holroyd, Sagot, Jennings & Sigmond, Philadelphia, PA, for defendants.

### MEMORANDUM & ORDER

KELLY, District Judge.

Presently before the Court is the Motion to Dismiss the Complaint of Plaintiff, Mae E. Wallace ("Wallace"), filed by Defendants the Fraternal Order of Police Lodge

No. 5 ("FOP"), James Wheeler ("Wheeler"), Robert Eddis ("Eddis"), Robert Borden ("Borden") and Dennis Vest ("Vest"). Jean Blagmond ("Blagmond"),[1] who is listed as a Defendant in the body of the Complaint but not listed by Wallace as a Defendant in the caption, also seeks dismissal of the Complaint. All of the individual Defendants were officers of the FOP.

## I. BACKGROUND

As alleged in her Complaint, the FOP employed Wallace as a secretary and a part-time bartender. In 1996, Vest became the bar manager at FOP and Wallace's immediate supervisor when she worked as a bartender. Vest made numerous unwanted sexual advances upon Wallace, specifically: (1) repeatedly approaching her at her secretarial work station and making sexually suggestive and offensive comments; and (2) frequently placing his arm around her shoulder. Wallace alleges that she would pull away from Vest and ask him to leave her alone. Wallace complained to Borden and Wheeler about Vest's advances. In response, Borden and Wheeler subjected Wallace's work to excessive scrutiny.

In December 1996 or January 1997, Blagmond asked Wallace whether she had been subjected to sexual harassment. Although she replied that she had, no efforts were made to investigate her complaints. She was, however, no longer scheduled to work shifts as a bartender. In February 1997, Eddis and Wheeler terminated Wallace's employment as a secretary.

Wallace applied for Unemployment Compensation benefits that were initially denied because the FOP stated she had been terminated for excessive tardiness. Wallace further concludes that Wheeler,

Eddis, Blagmond and Borden were involved in a conspiracy to terminate her employment and deny her unemployment benefits. Wallace's Complaint alleges: (1) discrimination, as a hostile environment and an adverse job decision, by the FOP based upon sex pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e to 2000e–17 (1994); (2) retaliation for complaining about Vest's sexual harassment pursuant to Title VII; (3) conspiracy by all Defendants to deprive Wallace of the equal protection of the law pursuant to 42 U.S.C. § 1985(3) and (4) parallel discrimination and retaliation claims under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.Con.Stat.Ann. §§ 951–963 (West 1991).

## II. STANDARD OF REVIEW

In considering whether to dismiss a complaint for failing to state a claim upon which relief can be granted, a court must consider only those facts alleged in the complaint and must accept those facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Moreover, the complaint is viewed in the light most favorable to the plaintiff. *Tunnell v. Wiley*, 514 F.2d 971, 975 n. 6 (3d Cir.1975). In addition to these expansive parameters, the threshold a plaintiff must meet to satisfy pleading requirements is exceedingly low: a court may dismiss a complaint only if the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint must, however, set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

---

1. Blagmond is identified incorrectly in the Complaint as "Blagman." The Court will use the proper spelling as identified by the Defendants.

## III. DISCUSSION

### A. Blagmond's Omission from the Caption

■ Blagmond argues that his omission from the caption of Wallace's Complaint should result in his immediate dismissal from the case. Review of the Complaint demonstrates that Blagmond's alleged actions are set forth by Wallace in a manner sufficient to put Blagmond on notice of the allegations against him. Accordingly, although the Court will not dismiss Blagmond from the case, the Court believes that it is appropriate to amend the caption of Wallace's Complaint to include Blagmond.

### B. Title VII Sexual Discrimination–Adverse Employment Decision

■ In order to state an adverse employment decision claim under Title VII,[2] Wallace must set forth a prima facie case of unlawful discrimination. This may be done by showing that: (1) she is a member of a protected class; (2) she was qualified for the job in question; (3) she suffered an adverse employment decision; and (4) other employees not in the protected class were treated more favorably. *See Lawrence v. National Westminster Bank*, 98 F.3d 61, 65–66 (3d Cir.1996); *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637–38 (3d Cir.1993); *Kelly v. Drexel Univ.*, 907 F.Supp. 864, 873 (E.D.Pa.1995), *aff'd*, 94 F.3d 102 (3d Cir.1996).

Here, Wallace is a member of a protected class as a female, she claims she was highly qualified for and did serve as a secretary and a bartender for several years, she lost her bartending hours and then her secretarial job and she alleges that male employees did not receive similar treatment. Accordingly, Wallace has

sufficiently alleged a claim for an adverse employment decision.

### C. Title VII–Hostile Environment

■ A claim of employer liability for a hostile environment can be established under Title VII when: (1) the employee suffered intentional discrimination because of the plaintiff's gender; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) respondeat superior liability exists. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir.1990).

■ Wallace has alleged that Vest, as well as other FOP members, made sexually suggestive and derogatory remarks. In addition, Vest and at least one other FOP member is alleged to have engaged in sexually charged touching of Wallace. These allegations demonstrate gender-based discrimination against Wallace and an inference can be drawn that the discrimination was pervasive and regular. Wallace alleges that she was detrimentally affected by the discrimination in that she feared the potential repercussions of reporting the discrimination, she lost her bartender hours and was ultimately terminated. The allegations of the Complaint are also sufficient to demonstrate that a reasonable person in Wallace's position would be affected in the same manner.

■ An employer is liable under respondeat superior, the fifth prong of the *Andrews* test, if the harassment (1) is committed within the scope of the offender's employment; (2) the employer was negli-

---

2. Wallace's state-law claim pursuant to the PHRA is appropriately analyzed under the same framework as her Title VII claim. *See*

*Weldon v. Kraft, Inc.*, 896 F.2d 793, 796 (3d Cir.1990); *Lewis v. University of Pittsburgh*, 725 F.2d 910, 915 n. 5 (3d Cir.1983).

gent or reckless in failing to train, discipline, fire, or take remedial action when learning of the harassment; or (3) the offender relied upon apparent authority or was aided in the commission of the tort by the agency relationship. *Bonenberger v. Plymouth Township*, 132 F.3d 20, 26 (3d Cir.1997). Here, all three prongs support respondeat superior liability. Vest, as bar manager, was acting as Wallace's supervisor when he engaged in the alleged sexually motivated touching and when some of the sexually suggestive remarks were made. When the FOP learned of Wallace's complaints, it is alleged to have taken work, and eventually her job, away from Wallace, rather than investigate the allegations or respond to the harassment. Vest had access to Wallace in both of her positions as a result of his supervisory position. In addition, her complaints led to closer scrutiny of her work.

The FOP argues that the conduct alleged by Wallace does not rise to a level to be considered a hostile environment. The United States Supreme Court recently repeated that conduct not severe enough to create an objectively hostile or abusive work environment is beyond Title VII's purview. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). The Court further instructed district courts to consider the social context in which particular behavior occurs when judging the severity of the harassment. *Id.* "Common sense, and an appropriate sensitivity to social context, will enable courts and juries to distinguish between simple teasing or roughhousing ... and conduct which a reasonable person in the plaintiff's position would find severely hostile or abusive." *Id.* Wallace alleges that the main portion of her duties were in her secretarial role. Common sense dictates that an office posi-

tion, even while working for a labor organization, would not involve significant sexual teasing or roughhousing. Likewise, while a bartender might need to have thicker skin, Wallace has at least made a claim of a hostile environment that survives a motion to dismiss. Accordingly, Wallace has stated a claim for harassment.

## D. Retaliation Claim

■ Wallace also alleges that her loss of her bartender assignment, termination and initial denial of her unemployment compensation benefits were the result of retaliation for her discrimination complaints to Borden, Wheeler and Blagmond. Title VII and the PHRA make it unlawful to retaliate against an employee for making a charge of discrimination. *See* 42 U.S.C. § 2000e–3(a); 43 Pa.Cons.Stat.Ann. § 955(d). To state a prima facie case of retaliation, the plaintiff must show: (1) she was engaged in a protected activity; (2) she was discharged subsequent to or contemporaneously with such activity; and (3) there is a causal link between the protected activity and the discharge. *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 501 (3d Cir. 1991).

■ Wallace's complaints to Borden, Wheeler and Blagmond about harassment are protected activities. Immediately after her complaint, she was relieved of her bartender duties and subsequently terminated from employment with the FOP. The FOP's total absence of reaction to Wallace's complaint of harassment, coupled with the speed with which she lost her bartender position and secretarial job, create an inference of a causal link between her complaints and the adverse employment decisions. Moreover, her complaints of harassment actually led to greater scrutiny of her work. Therefore, Wallace's retaliation claim survives this Motion to Dismiss.

### E. Conspiracy Claim

■ Wallace's conspiracy claim merely sets forth her conclusion that there was a conspiracy. There are no averments sufficient to put Defendants on notice of the basis of her claim. Accordingly, the Motion to Dismiss will be granted and Wallace will be given twenty days in which to file an amended complaint that fully sets forth the basis of her conspiracy claim.

### F. PHRA Claim

The FOP only sought dismissal of Wallace's PHRA claim based on the Court's lack of jurisdiction if all federal claims were dismissed. As most of the federal claims remain, the Court has supplemental jurisdiction over Wallace's PHRA claim.

### IV. CONCLUSION

Wallace's Complaint survives this Motion to Dismiss her Title VII and PHRA claims. Wallace's § 1985 conspiracy claim is dismissed without prejudice to Wallace's right to refile her Complaint to fully set forth the basis of her conspiracy claim.