Sap U. BOBBI,

v.

Harry DOLE.

No. CIV. A. 00–6325.

United States District Court,
E.D. Pennsylvania.

July 26, 2001.

Sap U. Bobbi, Philadelphia, PA, pro se.

Susan Shinkman, U.S. Attorney's Office, James G. Sheehan, U.S. Attorney's Office, Philadelphia, PA, for defendant.

## MEMORANDUM ORDER

KELLY, District Judge.

Presently before the Court is the Motion to Dismiss the Complaint of the Plaintiff, Sap U. Bobbi ("Bobbi"), filed by Defendant, Harry Dole ("Dole"). The present matter is one of four cases Bobbi has filed against Dole and a former Defendant, Wil-

liam Henderson ("Henderson"). All four actions stem from events related to Bobbi's June, 1999 dismissal from the United States Post Office for allegedly stealing an Indian national newspaper not addressed to him. Dole was Bobbi's supervisor at the time.

All four cases filed by Bobbi allege the same facts. In the action filed against Henderson, which was docketed at 00–1604, the Court entered summary judgment in favor of Henderson because Bobbi's claim was time-barred.

### DISCUSSION

In considering whether to dismiss a complaint for failing to state a claim upon which relief can be granted, a court must consider only those facts alleged in the complaint and must accept those facts as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The facts alleged in the complaint are deemed to include matters of public record, orders, facts in the record and exhibits attached to the complaint. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1391 (3d Cir.1994). Moreover, the complaint is viewed in the light most favorable to the plaintiff. *Tunnell v. Wiley,* 514 F.2d 971, 975 n. 6 (3d Cir.1975). In addition to these expansive parameters, the threshold a plaintiff must meet to satisfy pleading requirements is exceedingly low: a court may dismiss a complaint only if the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In a claim of employment discrimination against the government, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e to 2000e–17 (1994), the complaint must be filed against the head of the department, agency or unit, as appropriate.

*Id.* § 2000e–16(c). In Bobbi's case, his claim is properly against the Postmaster General. Even if the Court were to amend the caption of Bobbi's Complaint to name the Postmaster General, Henderson, as a Defendant, that move would be ineffective. Under the doctrine of claim preclusion, a party may not assert a claim against a party to previous litigation where: (1) there was a valid final judgment; (2) the same parties were involved; and (3) the current suit is based upon the same cause of action. *CoreStates Bank, N.A. v. Huls America, Inc.,* 176 F.3d 187, 194 (3d Cir.1999). Identity of the cause of action is determined by looking at the underlying factual events. *Id.*

Judgment was entered in favor of Henderson in No. 00–1604 and if the caption of this action were amended to name Henderson, the exact same parties would be involved. As Bobbi's Complaint involves his termination from the Postal Service, his claim arises from the same cause of action as in No. 00–1604. Therefore, it would be fruitless to amend the caption to name Henderson as a defendant in this case.

Accordingly, it is ORDERED that Dole's Motion to Dismiss (Doc. No. 7) is GRANTED. Bobbi's Complaint against Dole is DISMISSED.