DLD-080                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4023
_____

CARLOS ALAMO,
                                                    Appellant

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA;
DONNA ZICKEFOOSE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-11-cv-01103)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 30, 2011
Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: January 4, 2012)
_____

OPINION
_____

PER CURIAM

        In May of 2006, federal inmate Carlos Alamo filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  Alamo claimed to have been improperly refused

sentence credit and incorrectly denied a nunc pro tunc designation by the Bureau of

Prisons (BOP) in relation to overlapping state and federal convictions. See Petition, D.N.J. Civ. No. 1:06-cv-02555 ECF No. 1. The District Court denied the petition, holding 1) that the BOP "properly refused under [18 U.S.C.] § 3585 to credit Petitioner with time during which Petitioner was in the primary custody of state authorities," and 2) that the BOP did not abuse its discretion in rejecting Alamo's request for nunc pro tunc designation. Alamo v. Samuel, No. 06-2555, 2007 U.S. Dist. LEXIS 27563, at *6, 11–12 (D.N.J. Apr. 12, 2007). Alamo did not appeal this outcome.

On November 18, 2010, Alamo filed a document styled as a 28 U.S.C. § 2255 motion in the United States District Court for the Southern District of New York.[1] The motion was converted by the New York Court into a § 2241 petition, and was transferred to the District of New Jersey. In this new filing, Alamo again assailed the sentence-credit and nunc pro tunc decisions, asserting that the BOP "failed to give credence to the state court's directive and intent that [his] State sentence(s)" should have been concurrent to his federal sentence. He explicitly attacked the reasoning of one Fernando Messer, the Regional Inmate Systems Administrator who had denied the nunc pro tunc request in 2005. Much of the language in the new petition mirrored language in the 2006 petition.

In another thorough opinion, the District Court denied relief. It summarized its earlier dispositions of Alamo's filings, which had included (in addition to the habeas

---

[1] This was the District Court that imposed his original federal criminal sentence. See Judgment, United States v. Alamo, S.D.N.Y. Crim. No. 1:99-cr-00478, ECF No. 84 (order entered Nov. 15, 2000).

2

petition discussed above) a mandamus petition and a motion for reconsideration, concluding: "As the claims and arguments addressed by Alamo in this action are substantially identical to the claims presented in [the] earlier petition . . . this Court will . . . deny this petition on the same grounds" relied upon previously. Alamo v. Holder, No. 11-1103, 2011 U.S. Dist. LEXIS 101991, at *9–10 (D.N.J. Sept. 9, 2011). This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the denial of a 28 U.S.C. § 2241 petition, we "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam). We may affirm on any basis finding support in the record. See Tunnell v. Wiley, 514 F.2d 971, 975 n.4 (3d Cir. 1975).

As 28 U.S.C. § 2244(a) makes clear, "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." We have held that § 2244(a) applies to § 2241 petitions. Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam). Alamo's 2006 petition, which was denied on the merits, raised the precise claims he now makes anew. The District Court was therefore not required to consider this petition. See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997); see also Simon v. United States, 359 F.3d 139, 143 n.7 (2d Cir. 2004).

3

Even if the District Court were required to engage in a full review of this new petition, Alamo has failed to show that the Court erred in its disposition. The records of this case and its 2006 predecessor, of which we take judicial notice, see United States ex rel. Geisler v. Walters, 510 F.2d 887, 890 n.4 (3d Cir. 1975), reveal neither statutory error nor abuse of discretion by the BOP, which in turn suggests a lack of error on the part of the District Court.[2]

As this appeal presents no substantial question, we will summarily affirm the District Court's judgment. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] In particular, it appears that the BOP properly weighed the requisite nunc pro tunc factors of 18 U.S.C. § 3621(b). See Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990). Moreover, the BOP did not err in calculating the commencement of sentence or sentence credits pursuant to 18 U.S.C. § 3585, given the presumption of consecutive terms of imprisonment contained in 18 U.S.C. § 3584(a).