DLD-197                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2366
_____

JACK A. SHULMAN,
                                            Appellant

v.

DONALD ZSAK; SPENCER DURKIN;
JOHN HEESTER; JOHN C. ENGLIS;
KEITH ALEXANDER; GARY ADLER;
BILL SHEA; L. E.; JOHN DOES 1-19
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:09-cv-02494)
District Judge:  Honorable William J. Martini

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 7, 2012
Before:  AMBRO, JORDAN AND VANASKIE, Circuit Judges

(Opinion filed:  June 15, 2012)
_____

OPINION
_____

PER CURIAM

    The appellant, Jack A. Shulman, requests review of an order from the United

States District Court for the District of New Jersey that dismissed his amended complaint.

The defendants now move for summary affirmance. For the following reasons, their motions are granted and the District Court's judgment will be summarily affirmed.

This case arises out of Shulman's ongoing dispute with the named state and federal defendants, and is not the first lawsuit addressing these circumstances. Shulman's amended complaint,[1] which is a lengthy, multi-part document heavy on intrigue and personal history but light on cohesion, appears to assume familiarity with the matters at hand and defies easy summary. Shulman contended that some of the defendants denied him the benefits owed from his lengthy term of federal employment, by way of obscuring his employment records and refusing to acknowledge his federal service. He also alleged that the defendants engaged in a retaliatory conspiracy to have him committed with the subsidiary purpose of calling his mental stability into question. The plan came to fruition in June of 2008, when during an interview with a federal counter-terrorism unit, Shulman admitted that he was in possession of a handgun. After a consent search, the gun was secured by agents, and Shulman was involuntarily committed for a mental health evaluation; in addition, criminal charges were filed against him in Union County. This conduct, according to Shulman, violated his rights, and also amounted to a breach of contract. All defendants were formally sued only in their official capacities. See Pl's

---

[1] We cannot discern from the District Court docket whether the amended complaint was ever deemed formally filed. Regardless, all parties, as well as the District Court itself, treated the amended complaint as the operative instrument of suit; we will follow their example, and in discussing the "amended complaint," we include the complaint itself, the attached exhibits, and related matters of public record. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

Reply & Br. ¶ 22, ECF No. 24-5.

The defendants, who were represented separately as state and federal groups, moved to dismiss the amended complaint,[2] pointing out numerous flaws in its substance and defects in its preparation and service. Agreeing with the defendants, the District Court granted their motions to dismiss. The Court observed that Shulman's claims against the federal defendants appeared to request only injunctive relief, which was not warranted under the facts he described. It also found no basis for sustaining Shulman's claims against the relevant state defendants. Shulman moved for reconsideration[3] and also filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. In conducting plenary review of an order granting a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), we accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). A motion to dismiss is properly granted if the factual proffer of the complaint does not allow the court to "draw the reasonable inference that the defendant is liable for misconduct alleged." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)

---

[2] The state defendants' motion was actually captioned as requesting summary judgment, but advanced primarily arguments relating to defects under Fed. R. Civ. P. 12(b)(6) and was treated as such by the District Court.

[3] The District Court denied Shulman's motion for reconsideration in June of 2011. Because Shulman did not file an amended or renewed notice of appeal afterwards, that order is not before us. Fed. R. App. P. 4(a)(4)(B)(ii); United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

3

(citing Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).  Moreover:

> "After [Bell Atl. Corp. v.] Twombly, [550 U.S. 544 (2007),] and Ashcroft
> v. Iqbal, [556] U.S. [662] (2009), 'conclusory or bare-bones allegations will
> no longer survive a motion to dismiss: threadbare recitals of the elements of
> a cause of action, supported by mere conclusory statements, do not suffice.'
> Fowler, 578 F.3d at 210 (internal quotation marks and citation omitted).
> While the complaint 'does not need detailed factual allegations . . . a
> formulaic recitation of the elements of a cause of action will not do.'
> Twombly, 550 U.S. at 555."

Warren, 643 F.3d at 77.  "We can affirm a district court's disposition on grounds other than those on which the district court relied."  Fairview Park Excavating Co. v. Al Monzo Constr. Co., 560 F.2d 1122, 1123 n.2 (3d Cir. 1977).  Should we determine that an appeal presents no substantial question, we may affirm without requesting briefing from the parties.  Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

As a preliminary matter, Shulman did not clearly set out the theories under which he requested relief.  His amended complaint and its attachments were, at times, internally inconsistent.  Because Shulman has proceeded pro se throughout this suit, his submissions are entitled to be "liberally read under the relaxed standards applicable to a pro se complaint," see Tunnell v. Wiley, 514 F.2d 971, 974 (3d Cir. 1975), and we will attempt to discern from his filings the extent of the relief sought from the defendants.  We will also consider, for the sake of a thorough consideration of the issues raised, whether Shulman can sustain claims against the defendants in their individual capacities as well as in their official capacities.

Having reviewed the record, we agree with the District Court that dismissal of the

4

complaint was warranted. Shulman argued that his suit was "fundamentally" based on 42 U.S.C. § 1985(1)–(2), which prohibits conspiracies to interfere with civil rights. See Br. 22, ECF No. 24-6. Subsection (1) prohibits "two or more persons" from conspiring to interfere with a federal officer's performance of his duties, while subsection (2) addresses conspiracies to obstruct justice and to intimidate litigants and witnesses. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 423 n.1 (3d Cir. 2003). First, assuming that Shulman was actually a federal officer under the aegis of subsection (1), his pleading failed to present enough facts from which a court could plausibly infer a conspiracy to keep him from discharging his federal duties. Shulman "contended" that defendant Inglis called defendant Adler and told him to frame Shulman, and that Adler then requested defendants Zsak, Heesters, and Durkin to carry out the plot. Am. Compl. ¶ 3. Other than this contention, which is clearly speculative, Shulman pleads no facts that would tend to show an *agreement* among the defendants to carry out these actions, and "the linchpin for conspiracy is agreement." Bailey v. Bd. of Cnty. Comm'rs, 956 F.2d 1112, 1122 (11th Cir. 1992). Shulman's recitation does not suffice to nudge his conspiracy claim across the line from "conceivable" to "plausible"; "nothing contained in the complaint invests either the action or inaction alleged with a plausible suggestion of conspiracy." Twombly, 550 U.S. at 566, 570.[4] Second, while Shulman refers to actions taken to prevent one Doskey, a "key witness," from "freely testify[ing] every time she was called upon to do so," his assertion that the defendants "could easily conspire against [Doskey] .

---

[4] We note, too, that the inconsistently described motives for taking the alleged action against him rob his conspiracy claim of some force.

5

. . by threatening her in a wide variety of ways" does not, without more, make out a claim under subsection (2). We are left without a clear vision of what the defendants actually did, and even whether Doskey was available to testify at the proceedings in question. An affiant, Charles Sutherland, claimed to have been intimidated by defendant Estores to keep him from testifying in favor of Shulman, but nowhere does Sutherland show that this was part of a conspiracy, and Shulman cannot otherwise assert a cause of action on Sutherland's behalf.

Shulman's remaining causes of action fare no better. He claimed that the defendants violated the Privacy Act by the "hiding of plaintiff's work documents to avoid Congressional and DOD Scrutiny on the face of plaintiff's complaints." Reply and Br. ¶ 5. He also attacked the FBI's alleged "invasion of [his] office who then brought the Cranford Police in, and which resulted in the violation of [his] privacy." Reply and Br. ¶ 25. The Privacy Act allows Shulman access to records pertaining to him that are contained in an agency's system of records. Reinbold v. Evers, 187 F.3d 348, 360 (4th Cir. 1999). In other words, the Act does not grant a cause of action for the latter claim. See 5 U.S.C. § 522a(g)(1). While it may for the former, Shulman has not explained how the injunctive relief he sought related to the violation of the Act. Shulman's 42 U.S.C. § 1983/Bivens[5] claims against the official-capacity defendants were barred by doctrines of sovereign and Eleventh-Amendment immunity. FDIC v. Meyer, 510 U.S. 471, 486 (1994); Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010). To the

_____

[5] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

6

extent that his complaint can be fairly read to imply a cause of action against the defendants in their individual capacities, the same pleading failures that undermined his § 1985 claims also undercut his § 1983/Bivens claims. His Fourth Amendment claim was conclusory, accusing the defendants of an improper warrantless search without additional context; his whistleblower claim lacked factual development. And as the District Court noted on a prior occasion, the breach of contract claims were properly brought in the Court of Federal Claims. See 28 U.S.C. § 1491(a)(1).

As the above should make clear, Shulman's complaint was defective both by dint of lacking specificity and, paradoxically, for being overlong. Under Fed. R. Civ. P. 8(a)(2), a complaint should set forth a "short and plain statement" of the grievances raised; incorporating, as Shulman has, a lengthy recitation of irrelevant facts, spread out across multiple documents and attachments, complicates a court's job of reviewing the complaint and the defendants' responsibility for responding in a timely and complete fashion. See In re Schering-Plough Corp. Intron/Temodar Consumer Class Action, Nos. 10-3046 & 10-3047, 2012 U.S. App. LEXIS 9832, at *37 (3d Cir. May 16, 2012); see also Salahuddin v. Cuomo, 861 F.2d 40, 41–42 (2d Cir. 1988). We have attempted, as per the above, to reach Shulman's actual claims, as did the District Court. Having found them lacking, and concluding that further amendment of the complaint would prove to be futile, Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), we grant the defendants' motions for summary action and will summarily affirm the judgment of the

7

District Court.[6]  All outstanding motions are denied.

---

[6] We note that an ongoing criminal case and additional, related cases in other federal courts raise the specter of preemption and claim/issue preclusion.  Because we affirm on the grounds discussed in the text, we need not reach these issues, nor the separate problem of faulty service identified by the District Court.